KAW FEED AND COAL COMPANY, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. **FIRES: Negligence: Pleading: Evidence: Instruction.** A petition for negligently causing the explosion of an oil stove averred said stove was permitted to become and remain out of repair, defective, dangerous and unfit for use. The evidence tended to show that a cold water pipe running across the tube from the oil reservoir to the stove to prevent undue heat, became frozen in the night and broke and leaked. *Held*, the evidence did not sustain the negligence charged nor was it a proper foundation upon which to base an instruction.

2. ———: ———: ———: ———: ———. *Held*, further that the rule *res ipsa loquitur* has no place in the case where specific negligence is alleged in the petition.

3. ———: **Old Building: Measure of Damages.** The measure of damages for the burning of a building is the value of the building as it stood and not its value when moved elsewhere nor the value of the material in it when taken down.

4. **EVIDENCE: Expert Testimony: Opinion: Conclusion.** An expert cannot be substituted in place of a jury, but he may give his opinion whether certain conditions could cause the explosion of an oil stove; but the cause of the explosion was for the jury on all the facts including those hypothetically stated to the witness.

5. ———: ———: **Hypothetical Questions.** Hypothetical questions should be submitted to the expert and he should not be permitted to interpret the evidence that he may have heard or read and give an opinion based on such interpretation, and only where he has heard evidence and there can be no conflict about the fact, may he express his opinion on the whole matter.

6. ———: ———: ———: **Deposition.** The same rule applies where the evidence is a deposition and the expert reads the de-

position and testifies himself by deposition; but the ruling out by the court at the trial of a part of the deposition would affect the competency of the expert's deposition.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

REVERSED AND REMANDED.

*Thomas R. Morrow* and *Samuel W. Sawyer* for appellant.

(1) The court should not have admitted in evidence the statement of the expert witness Hardy of his conclusion as to the cause of the explosion or fire in question. It was the province of the jury, not of the expert, to determine the cause of the explosion or fire. Guthridge v. Railway, 94 Mo. 468; Glasgow v. Railway, 191 Mo. 347; Taylor v. Railroad, 185 Mo. 239; Roscoe v. Railway, 202 Mo. 576; Lutz v. Railway, 123 Mo. App. 499; Smith v. Kansas City, 101 S. W. 1118; Thomas v. Railway, 100 S. W. 1121; Traction Co. v. Bliss, 62 N. J. L. 410; 41 Atl. 837; Chicago v. O'Donnell, 124 Ill. App. 78. (2) Expert testimony was also improperly admitted: Because it was not based upon hypothetical questions, but upon the reading of the depositions on file in the case. State v. Klinger, 46 Mo. 224; State v. Privitt, 175 Mo. 207; Livery Co. v. St. Louis, 105 Mo. App. 560; Neudick v. Grand Lodge, 61 Mo. App. 99; Dexter v. Hall, 15 Wall. 9; People v. McElvain, 121 N. Y. 250; 24 N. E. 465; 18 Am. St. 820; The Clement, 2 Curtis, 363, 5 Fed. Cases No. 2879; Bennett v. State, 57 Wis. 69, 14 N. W. 912, 46 Am. 26; Guiterman v. Liverpool, etc., Co., 83 N. Y. 358; Doty v. Morris, 10 Hun (N. Y.) 201; Craig v. Noblesville, etc., Co., 98 Ind. 109; Kempsey v. McGinnis, 21 Mich. 123; Page v. State, 61 Ala. 16; Gutwillig v. Zuberbier, 41 Hun (N. Y.) 361; Armendiaz v. Stillman, 67 Tex. 468; Stoddard v. Winchester, 157 Mass. 567, 32 N. E. 948; Elliott v. Russell, 92 Ind. 526; McMechen v. M'cMechen, 17 W.

Va. 683; Reynolds v. Robinson, 64 N. Y. 589; Reed v. State, 62 Miss. 405; Sills v. Brown, 9 Car. & P. 601; State v. Bowman, 78 N. C. 509; Hoener v. Kosh, 84 Ill. 408; Ayers v. Water Commissioners, 22 Hun (N. Y.) 297; Lawson, Expert and Opinion Evidence, sec. 164, p. 258; sec. 165, p. 260; Jones v. Railway, 47 Minn. 329, 45 N. W. 444. Because it was not based upon all the evidence and because it was based upon matters not in evidence. Turner v. Haar, 114 Mo. 335; Kempsey v. McGinnis, 21 Mich. 123; Russ v. Railway, 112 Mo. 45; Brown v. Commonwealth, 14 Bush (Ky.) 39; Guiterman v. Liverpool, etc., Co., 83 N. Y. 358. The only hypothetical question asked the witness was also improper. Benjamin v. Railway, 50 Mo. App. 602; Turner v. Haar, 114 Mo. 335; Hicks v. Railway, 124 Mo. 114; State v. Brown, 181 Mo. 192; Heinzel v. Railway, 182 Mo. 528; Root v. Railway, 195 Mo. 348; King v. Gilson, 104 S. W. 52; Hannerberg v. Railway, 62 Mo. App. 563; Smart v. Kansas City, 91 Mo. App. 586; North American, etc., Assn. v. Woodson, 64 Fed. 689. (3) Instruction No. 1, given at request of plaintiff, was erroneous. (4) Court erred in refusing to give to the jury defendant's instruction number 1.

*Meservey & German* for respondents.

(1) The facts alleged constitute a cause of action, and when proven make a prima-facie case, and puts the burden of proof on appellant to absolve itself from liability if it can. That is to say, the proof of these facts raises a presumption of negligence which makes a prima-facie case. In support of this proposition we cite the following cases: Kearney v. Railroad, L. R., 5 Q. B. 411; affirmed, L. R., 6 Q. B. 759; Byrne v. Boadle, 2 Hurlst & C. 722; Clare v. Bank, 1 Sweeney 539; Volkmar v. Railway, 27 Jones & S. 125; Maher v. Railway, 53 Hun 506; Mossemann v. Railway, 32 N. Y. 61; Cahalin v. Cochran, 1 N. Y. 583; Mullen v. St. John, 57 N. Y.

567, 15 Am. 530; Vincett v. Cook, 4 Hun 318; Ficken v. Jones, 28 Cal. 618; Thomas v. Telegraph Co., 100 Mass. 156; McMahon v. Davidson, 12 Minn. 357; Rose v. Transportation Co., 20 Blatchf. 411; Posey v. Scoville, 10 Fed. 140; Young v. Bransford, 12 Lea 232; Railroad v. Phillips, 49 Ill. 234.   (2)   It has been held in this State that if there is no conflict in the evidence, the court may allow counsel to ask a hypothetical question upon the facts as the witness remembers them.   State v. Privitt, 105 Mo. 207; State v. Klinger, 46 Mo. 224. A conclusion is not prejudicial if it is followed by a statement of the grounds upon which it is based.   Brewing Co. v. DeVrance, 57 N. W. 959; Commercial Travelers v. Barnes, 90 Pac. 293.   A conclusion is often permissible.   Insurance v. Railway, 104 N. W. 361; Turner v. Baker, 77 S. W. 479; State v. Privitt, supra; Powers v. Kansas City, 56 Mo. App. 573; Smith v. Railway, 119 Mo. 246; Fullerton v. Fordyn, 144 Mo. 531; Meeker v. Railway, 178 Mo. 173.

ELLISON, J.—This action was instituted to recover damages on account of starting a fire which consumed an old building which plaintiffs had shortly prior thereto purchased of defendant.   The judgment in the trial court was for the plaintiffs.

It appears that the building was frame and was large and old, having been used by defendant as a freight depot.   The fire destroyed it and plaintiffs brought this action claiming as damages the loss and value of the separate constituent parts of the building, in the aggregate sum of $2,942.50.   The petition alleges the purchase of the building for the sum of $400, and that plaintiffs were to have thirty days from the date of sale in which to remove the west two-thirds of it and ninety days in which to remove the remaining one-third.   That the defendant was to have the privilege of remaining in occupancy of a part of the building until

it was removed.   That plaintiffs had removed a part
of the building while defendant was still in the other
part.    That the defendant, for the purpose of heating
its office in the building, used an oil stove, in the na-
ture of a large lamp with wick.   That on the 24th of
February, 1903, the defendant carelessly and negligently
used improper and explosive oils in said stove and
carelessly and negligently filled, lighted and attempted
to control said stove, carelessly and negligently per-
mitted said stove to become and remain out of repair,
dirty, defective, dangerous and unfit for use, so that by
reason thereof it exploded and set fire to the remaining
portion of the building and destroyed the same, "includ-
ing 140,000 feet of lumber worth as the same then stood
in said building, $2,800, and two hundred perch of build-
ing stone, worth as the same then stood, $100, and
ninety-five squares of tin roof, worth as same then stood,
$42.50, and three sets of dormant scales, worth as they
then stood, $24, or an aggregate of $2,942.50, to the loss
and damage of plaintiffs in that sum.   That plaintiff
has remitted and does remit and abandon all of said
claim against defendant over and above $1,999.99.
Wherefore they pray judgment," etc.

The instruction given for plaintiffs did not submit
to the jury the full breadth of the negligence thus
charged.   The only hypothesis on that head was whether
"said stove was permitted to become and remain out of
repair, defective, dangerous and unfit for use."   The
evidence in plaintiffs' behalf did not tend to establish
that part of the charge in the petition relating to neg-
ligence in using explosive oils, or negligence in filling
and lighting the stove; or at least, as will be seen by
the instruction just quoted, plaintiffs abandoned all
charge of negligence save that the stove was permitted
to become and remain out of repair, to become and re-
main dirty, to become and remain defective and to be-
come and remain dangerous and unfit for use.   The chief

evidence of the cause of the explosion, which occurred just after the stove was lighted about seven o'clock in the morning, was that the tube which carried the water from a water reservoir, above the oil reservoir, down around the latter, and served to keep it from being unduly heated by the burner, became frozen on the night preceding, which broke or cracked the tube and caused the water to leak out and thus the stove to become heated for lack of the cooling effect of the water. That evidence did not tend to sustain any charge of negligence contained in the petition, nor was it any proper foundation upon which to base the instruction. It is not suggested that it tended to prove the oil was not of proper kind, and certainly a pipe freezing only the night preceding the early morning of the explosion has no tendency to prove a charge of negligence in allowing a stove to *become* and *remain* out of repair, dirty, dangerous and unfit for use. The negligence the evidence tended to prove was not of the continuous and protracted kind charged, but was rather in neglect to provide against the pipe freezing.

In seeming endeavor to avoid this, plaintiffs invoke the presumption of negligence arising from the rule of *res ipsa loquitur*. But that rule has no place in a case where specific negligence is alleged in the petition. [McGrath v. Transit Co., 197 Mo. 97; Feary v. Railway, 162 Mo. 75; Kennedy v. Railway, — Mo. App. —.

Defendant's further complaint of error relates to the mode of ascertaining the damage and is also well grounded. The cause of action was loss of the building as it stood and as it was situated under the terms of the contract set forth; that is, a building on land of another and which was to be removed from such land. What was such a building worth as it thus stood? Not what was the value of the lumber of which it was composed, the value of the stone in the foundation on which it stood, nor the value of the tin which composed the roof

with which it was covered. It was shown in evidence that buildings like the one in controversy, which were sold separate from the ground and which had to be moved away, had a recognized value. In estimating that value many things would, of course, be considered in the mind of the witness,—among others, whether it could be moved and set down at another place to better purpose and profit than tearing down and separating the different materials of which it had been built and disposing of such material in the condition in which it would then be; and allowing for the expense attending either mode, as well as injury to the building in moving, or to the old material in tearing down. Plaintiffs paid $400 for the building; they had moved the greater part of it away and yet by the mode of estimate of value adopted, they claim to have lost $2,942.50, in less than three months. We are aware that what they paid would not necessarily have measured the value. They may have secured a great bargain. And, as a matter of law, we cannot say that they could not properly claim of defendant near $3,000 for the remains of an old building, the whole of which they had just bought of it for $400. But these considerations are at least suggestive of the seriousness of improper methods of calculation and admeasurement.

A further complaint against the judgment relates to expert testimony, the defendant contending that the expert witness stated his conclusions of what did cause the explosion, insteðd of his opinion, based on superior knowledge, whether certain conditions could cause an explosion. We are of opinion that the position taken by defendant's counsel is correct. While the record reciting this portion of the trial is singularly obscure, yet enough appears to make certain that the witness Hardy was allowed to substitute himself for the jury. The cause of the explosion was not for the witness to determine. On certain conditions of fact, hypothetically

stated, the expert should have been asked whether they could have produced the explosion and then let the jury judge from all the facts, including those hypothetically stated (if they believed them) whether the explosion occurred from defendant's fault. The course pursued substituted the witness for the jury and was improper. [Glasgow v. Railway, 191 Mo. 347, 364; Taylor v. Railway, 185 Mo. 239; Wood v. Railway, 181 Mo. 433.] One grave objection to such character of evidence is that it is calculated to impress the jury with the idea that the expert decides the question and that they must accept his decision as fact. [Roscoe v. Railway, 202 Mo. 576.] To the same effect is Lutz v. Railway, 123 Mo. App. 499. In Thomas v. Railway, 125 Mo. App. 131, Judge BROADDUS said that a like question to those here considered was improper in that it called for a conclusion instead of an opinion.

Furthermore, there was no proper basis for the questions propounded to the expert and the following is the reason: It seems that he was not a witness at the trial, and that his evidence was presented by deposition taken in Chicago prior to the trial. It further appears that there were depositions of other parties which had been taken prior to that of the expert, and also that these depositions had been submitted to the expert, and that questions were asked him based on what he understood from reading them. It further appears that there was no cross-examination of one of these witnesses until after the deposition of the expert had been taken. The further important fact appears from reading the depositions of these witnesses, that this evidence is subject to different interpretations by different persons.

There is diversity of view as to whether the question propounded to the expert should be a hypothetical one recapitulating to him in the hearing of the jury the questioner's view of or assumption of the evidence; or,

where he has been present and heard the evidence, whether he may be asked his opinion on such evidence. The usual and safer mode is the former. The latter mode is objectionable, for it leaves the witness to silently interpret the evidence and precludes the jury from knowing upon just what he is assuming as the basis of his opinion,—whereas by the former mode the jury can see exactly upon what his opinion is based, and may conclude that though they have every confidence in his capacity as an expert, yet the opinion given them has no foundation of fact upon which to rest, and therefore give it no weight.

We think this view is supported rather than rejected by the Supreme Court in State v. Privett, 175 Mo. 207. It is in instances where the reason for the rule is thought to have ceased, that any other than the first mode is permitted; that is to say, in those instances where there is no substantial ground to suppose that different persons could have more than one view as to the evidence which the jury has heard, or that any one could give it more than one interpretation, it is allowable to ask the expert's opinion on the evidence he has heard, for in such instances the jury may be said to know upon what his opinion is based. And so the Supreme Court, in the case just cited, stated the rule to be (italics ours) that "when, in a proper case for expert testimony, the facts are *admitted*, or proved by evidence which is not *conflicting*, the opinion of an expert upon such facts is admissible as a scientific deduction." In a case formerly decided by that court, it was said that "If the expert has been present in court, and has heard all the evidence, and there is no dispute about the facts, he may then be asked his opinion about the whole matter." [State v. Klinger, 46 Mo. 224.] The case of Livery Co. v. Railway, 105 Mo. App. 556, in the St. Louis Court of Appeals was where the facts were controverted.

The question, as it is presented in this case, involves the further consideration whether the evidence upon which the opinion of the expert is founded, as well as the opinion itself, being by deposition, would change or influence the application of the rule as we have stated it to be. We conclude that it would not. There can be no substantial difference between the expert reading the evidence as deposed and hearing it as uttered. But if at the trial the court should rule out any material part of the deposition upon which the expert's opinion was founded, it would, necessarily, make incompetent the opinion itself.

We therefore conclude that in this case the usual mode of hypothetical questions should be pursued. The plaintiffs may desire to amend their petition (we express no opinion on that head), and the judgment will therefore be reversed and the cause remanded. All concur.