## MISSISSIPPI TANK COMPANY, INC. v. ROAN

No. 43655 January 31, 1966 182 So. 2d 582

672

*Dudley W. Conner,* Hattiesburg, for appellant.

674

*Stanford Young,* Waynesboro; *William Coleman, Crisler, Crisler & Bowling,* Jackson, for appellee.

JONES, J.

This is an appeal from the Circuit Court of Wayne Couny where appellee recovered a large judgment against Mississippi Tank Company, Inc., appellant, in an action of tort. It was claimed that both the appellant and Magnolia Propane Gas Company, Inc. were liable to appellee for the burning of his house and its contents and personal injuries received by him. The declaration alleged that Magnolia Propane Gas Company, Inc. installed for appellee a butane gas tank which it had purchased from the appellant; that the tank had a hole in it permitting gas to escape; that the gas travelled underground along the pipe extending from the tank to the house and accumulated under the house, as a result of which the house, with its contents, was totally destroyed by fire when the gas exploded. The jury found that the Magnolia Propane Gas Company, Inc. was not negligent, but rendered a judgment against appellant for $62,300 on the theory that it had negligently manufactured and sold said tank. There is no appeal as to Magnolia Propane Gas Company, Inc., and the case is here before us as between the appellant and appellee only.

The record is replete with errors, and we are therefore reversing the case and remanding for a new trial. Because of the numerous errors, we are limiting this opinion to those errors herein discussed.

Appellant manufactured the tank which Magnolia, a retailer, purchased and later resold and installed for

appellee. The tank had been in place for approximately one year when the gas explosion occurred at night on or about December 6, 1963. According to the testimony of appellee, there was a considerable sum of money in the house. Appellee had gotten out of the house into a safe place. In an attempt to return for the money while the house was burning, he fell while trying to enter through a window and was personally injured. The suit seeks to recover for destruction of the house, its contents, including the money, and for personal injuries received by the appellee.

Assuming for the purpose of this opinion that appellee's proof was sufficient to withstand a motion for a peremptory, with the above brief statement of facts, we pass to those matters which we find constitute error in the trial.

 The instruction for plaintiff appearing on page 758 of the record told the jury that if they believed the defendants, Magnolia Propane Gas Company, Inc. or Mississippi Tank Company, Inc., or either of them, was guilty of negligence it was their sworn duty to return a verdict for the plaintiff and assess his damages. The jury could have inferred from this instruction that if either of the defendants was guilty of negligence, both were liable.

 The declaration herein undertook to assert numerous acts of appellant constituting negligence resulting in the fire. The court gave an instruction for the plaintiff, appearing on page 759 of the record, reciting that butane gas is a dangerous agency, and the defendants were required to use the highest degree of care and precaution suggested by exercise and the known danger of the escape of gas. The jury was further instructed that if they believed from the evidence that such high degree of care and precaution was not used by said defendants, and as the consequence thereof the plaintiff was injured and his property destroyed, it was their

duty to return a verdict for the plaintiff. This instruction gave the jury no guide as to what would constitute negligence as shown by the evidence, if any. It left the jury wide-open to draw upon its imagination to find that the defendants were guilty of negligence regardless of whether the facts upon which the jury based its verdict were, as a matter of law, acts of negligence. It also authorized a finding of liability for the personal injuries without necessary qualification, as hereafter shown.

The instruction appearing on page 760 is subject to this same criticism, in that it instructs the jury ''if they believe from the evidence the defendants were negligent,'' and fails to give any guide as to what constitutes negligence.

■■ ■ The instruction on page 763 instructs the jury that if they should find for the plaintiff, it was their duty to render a verdict in such sum as would amply compensate the plaintiff for all of his losses as the result of his personal injuries. This instruction was erroneous because it required the jury to give damages for personal injuries if it found the house was negligently burned, regardless of whether appellee exercised proper care in re-entering the house.

The instruction appearing on page 764 of the record instructs the jury that if they should find for the plaintiff, it would be their duty to fix the amount of the verdict at a sum which would be fair and reasonable compensation for all damages sustained by the plaintiff as shown by the testimony, if any, as a direct and proximate result of the negligence of the defendants.

■■ ■ The instructions should have delineated those matters for which, if any, the plaintiff was entitled to recover. This is particularly true in view of the fact that on the trial of the case the plaintiff was permitted to testify that the destruction of his house resulted in the loss of association with friends and relatives; that it was the ''old home place'' and that he was coming

back to be with his sisters, his home-folks; that he had worked all his years to get back there; that it was just a place he loved to be, and having to leave it changed his whole plans, and he had lost the convenience and comfort of his home; that it was something he had built just like he wanted and there was comfort there, as he worked in the daytime and rested at night. (He cherished it for friends to come to see him and to enjoy.) █ He was allowed to testify that he suffered mental anguish because of the loss of the house, which together with sentimental values is incompetent. 25 C.J.S. *Damages* § 68 at 555 (1941).

When you consider this evidence as having been in the presence of the jury, and the jury receiving an instruction that they might consider all damages, the error in the instruction abovementioned is manifest.

Plaintiff established, or undertook to establish, the damages to his house by saying that the value of the house before the fire was $35,000 and after the fire was nil.

The rules as to the proof of damages for the destruction of buildings are set out in 25 C.J.S. *Damages* § 85 at 608 (1941). It will be seen that there are various rules adopted by the different states. Our state has heretofore, insofar as urban property is concerned, adopted the before and after rule of the value of the entire property. In Sears, Roebuck & Co. v. Creekmore, 199 Miss. 48, 23 So. 2d 250 (1945), our Court said:

In case of total and tortious destruction of a house by fire, the basis for computing damage to the owner is a comparison of the value of the whole property before and after the fire. 15 Am. Jur., Damages, sec. 109, p. 517; 25 C.J.S., Damages, sec. 85, p. 608. This is and should be the general rule. Admittedly cases arise in which other factors are found which must be taken into account. Conceivably the lot may be worth more without the structure than with it. See Kaw

Feed & Coal Co. v. Atchison T. & S. F. R. Co., 120 Mo. App. 498, 107 S. W. 1034; Murphy v. City of Fond Du Lac, 23 Wis. 365, 99 Am. Dec. 181. Again the house may be an inconsequential item in the total valuation of a large tract on which it is located so that the value of the entire property is not substantially changed, yet there is damage in its loss. Some authorities attempt to value the house apart from the lot while others follow the more practical and safer rule to consider the house and lot, at least where it is urban residence property, as an entity. It would not be helpful to enlarge our opinion with the authorities supporting these exceptional bases. 199 Miss. at 63, 23 So. 2d at 253.

Plaintiff had a 270-acre farm where he grew crops, raised cattle, and turpentined his trees. The plaintiff evidently treated it as one unit because in alleging his damages the declaration charged:

Plaintiff was living in the home and conducting a farming operation which he had to cease and shut down since his home was destroyed.

 █ We believe the better rule is the before and after rule of the whole property — particularly under the circumstances here claimed.

Plaintiff also testified as to the difference in his earnings in the year preceding and the year succeeding the fire, and presumably included therein his earnings from the farm. 25 C.J.S. *Damages* § 44 at 524 (1941), under "Injury to crops" reads:

Profits expected to be realized from crops that have not matured are too speculative and uncertain to be estimated as damages, and especially is this so where no crop has matured upon which a reasonable estimate may be based. In some cases, however, the courts have allowed damages for the injured crop, based upon estimates of other crops raised in the immediate neighborhood and not affected by the injury complained of.

The plaintiff was permitted to testify that the difference in his earnings in 1963 and 1964 was the sum of $5800. There was no explanation as to whether this included profits from the farm, or whether it was confined to his personal wages. We assume that in arriving at this figure he considered the profits from his farm, including the turpentining, cattle raising, crop growing, and that it was not confined to what he earned by his own labor. We think that the profits, if any, from the farm in the year 1964, or the loss of profits from the farm for the year 1964, would be highly speculative, and counsel's objection to the bare statement that the difference in his earnings was $5800 should have been sustained.

Furthermore, the record does not indicate that the appellee was totally disabled in the year 1964 because he moved to Mobile and engaged in business as an automobile salesman. In Standard Finance Corp. v. Breland, 249 Miss. 413, 163 So. 2d 232 (1964), it was said:

> In conclusion, we believe it is wise that we should also point out that speculative damages are not allowable in reprevin suits, particularly expected profits. See Palm v. The Ohio & Miss. R. R. Co., 18 Ill. 217; The County of Christian v. Overholt, 18 Ill. 223. Moreover, it is a well established rule that one cannot permit his business to be still or suffer loss of profits and collect the damages so occasioned thereby from another party. Brizsee v. Maybee, 21 Wend. (N.Y.) 144. 249 Miss. at 429, 163 So. 2d at 239.

The appellee also alleged in his declaration that he received personal injuries as a result of his efforts to save the property. In 38 Am. Jur. *Negligence* § 81 at 739-40 (1941), the rule is stated:

> . . . Giving due consideration to human nature, a prudent effort to preserve property from the danger to which it has been subjected by negligence is such a natural and so probable a result of the negligence,

that it is reasonably to be expected. According to some authority, an owner of property owes a duty to the person whose negligence has placed the property in peril to prevent injury, where this may be done without an imprudent exposure to personal danger. At any rate, the rule of many, although not all, courts which have considered the proposition is that a defendant who by his negligence has endangered the property of another is liable for personal injuries incurred by the owner, or person in charge of such property, in an effort to save it, if the effort is impelled by the necessity of the occasion, and is reasonably prudent under the circumstances. Thus, if one attempting to save his property from danger by fire caused by another's negligence is injured in that attempt, while acting with ordinary prudence, the wrongdoer whose negligence caused the fire must respond in damages for the injury thus suffered.

This rule has been approved by this Court in Illinois Cent. R. R. Co. v. Thomas, 109 Miss. 536, 68 So. 773 (1915). In that case, there is set out in full an instruction given for the plaintiff who was injured in undertaking to fight a fire which had allegedly negligently been set by the railroad company. This instruction enjoined upon the plaintiff, in fighting the fire to save his property, the duty of exercising due care and caution, and exercising such care as a reasonably prudent man would have exercised under the circumstances. No where in the instructions in the instant case is the duty placed upon the plaintiff to exercise reasonable care and to conduct himself as a reasonably prudent man under the circumstances, and submitting to the jury the question as to whether he so acted.

Reversed and remanded.

*Ethridge, C. J., and Gillespie, P. J., Brady and Smith, JJ.,* concur.