and that the car was then 125 feet away. Accepting either pieces of testimony as being the correct version of his story, I do not see but that, upon this evidence, the judgment reached herein must be reversed. If it is the fact that he looked but once, and at that time saw the south-bound car, and then deliberately started and drove right ahead, and never concerned himself with the progress of approach of that car, which he knew was bound in his direction, and was utterly indifferent as to its coming his way or the progress it was making, it can hardly be said that he was acting with that degree of care which is requisite, under the law, to render him free from contributing to the negligence that caused the accident. If, on the other hand, he was cautious to the degree of looking a second time, and then saw this car 125 feet away, but essayed to cross ahead of its reaching him, a collision ensuing, it is his fault as much as the motorman's, and by his act contributing he defeats a recovery. There may be abundance, and more, of proof showing negligence on the part of motorman, but there is nothing in this case showing absence of contributory negligence on the part of plaintiff's driver. In fact, there is everything pointing to his being guilty of the same. For this reason, judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

SCOTT, J., concurs.   GIEGERICH, J., concurs in the result.

---

### LAZARUS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  February 23, 1905.)

EVIDENCE—EXPERT OPINION—HYPOTHETICAL QUESTIONS.

Where, in an action for injuries, a physician testified that, from his examination of plaintiff and his knowledge of the subject, he could state with reasonable certainty what plaintiff's nervousness resulted from, and, being asked to state, replied, "Momentum and shock is possible to bring on this nervousness in a man," such reply was incompetent, and it was error to refuse to strike the same.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by David Lazarus against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Mr. Silverstein, for respondent.

McCALL, J.  The court asked the attending physician in this case the following question: "From your examination of the plaintiff, and from your knowledge of the subject, can you state with any degree of reasonable certainty what this nervousness resulted from?"  To which the witness replied, "Yes, sir."  When the court asked him to

"kindly state," instead of answering the question as he should have—he being supposedly able to, as indicated in his reply to the court's first query—the witness replied, "Momentum and shock is possible to bring on this nervousness in a man." Whereupon the defendant's attorney moved to strike the answer out, and, the court denying his motion, he took an exception thereto. The answer given falls under the ban of a long line of decisions, and it was error that calls for a reversal of this judgment not to have granted that motion. More particularly is this so when we consider that the condition about which the doctor was then testifying was one of the most important features in the litigation.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

SCOTT, J. (concurring). I concur not only for the reason stated in the opinion of Mr. Justice McCALL, but also because there is absolutely no evidence that the accident was the result of any negligence on the part of the defendant. The only proof is that two cars collided, and that one of them was operated by the defendant.

GIEGERICH, J. (concurring). I concur for the reasons stated by Mr. Justice McCALL, but dissent from the view that there was no evidence of negligence. The accident itself is such evidence. Where a collision occurs between a car operated by the carrier of passengers and a car operated by an independent company, there is, as between the passenger and the carrier, a presumption of negligence against the latter, which calls for an explanation. Loudoun v. Eighth Ave. R. Co., 162 N. Y. 380, 56 N. E. 988.