## KATE LUTZ, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 4, 1907.**

1. **EVIDENCE: Practice: Objection.** Objection to the competency of evidence should be made to the question and a party cannot await the character of the answer before making the objection.

2. ———: ———: **Expert Opinion: Conclusion: Jury.** An expert may give his opinion as to whether the injury is the result of a certain accident, but his conclusion as to such matter is improper, since the jury must determine that question, notwithstanding the expert's opinion.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*John H. Lucas, Chas. A. Loomis* and *Ben. F. White* for appellant.

(1) The court erred in the admission of the testimony of Dr. Dora Green Wilson, one of the woman doctors. Taylor v. Railroad, 185 Mo. 239; Boettger v. Iron Co., 136 Mo. 536; Langston v. Railroad, 147 Mo. 465; Glasgow v. Railroad, 191 Mo. 352; Gutridge v. Railroad, 94 Mo. 472. (2) The court erred in rejecting the testimony of Dr. Perkins, offered by defendant in answer to a hypothetical question as to whether the accident as described by plaintiff was sufficient cause to produce the condition in which the witness found plaintiff, upon his examination of her in May, 1904. Same cases cited above. Benjamin v. Railroad, 50 Mo. App. 602. (3) The court erred in rejecting the testimony of Dr. Punton, called as an expert by the defendant, upon a proper hypothetical question covering the testimony on the part of plaintiff and the condition in which the witness found the plaintiff, as to whether the injury complained

of was sufficient to produce the condition in which the witness found plaintiff in May, 1904. The question was in proper form and was a proper subject for expert and opinion evidence. Same cases as cited in paragraph 1; Benjamin v. Railroad, 50 Mo. App. 602. (4) The court erred in giving instruction three at the request of plaintiff. While it is not claimed that there is reversible error in not defining the term "preponderance of evidence" in ordinary cases, yet when the court attempts a definition of such a term it is error to give a faulty or misleading definition. This instruction is erroneous because it gives undue prominence to one feature of the case, and to the testimony of "one" witness. Anderson v. Kinchelo, 30 Mo. 520; Blair v. Railroad, 31 Mo. App. 224; Fine v. Public School, 39 Mo. 59; Chappell v. Allen, 38 Mo. 213; Jones v. Jones, 57 Mo. 138; Forrester v. Moore, 77 Mo. 651; Weil v. Schwarts, 21 Mo. App. 372; Chouquette v. Barada, 28 Mo. 498; Mathews v. Elevator Co., 59 Mo. 474; Barr v. Kansas City, 105 Mo. 559; Sawyer v. Railroad, 37 Mo. 263; Rose v. Spies, 44 Mo. 23; Raysdon v. Trumbo, 52 Mo. 38.

*Fyke & Snider* for respondent.

(1) No proper objection was made to the question complained of—no objection was made until after the question was answered and the motion was made to strike out the question, not the answer. State v. Hope, 100 Mo. 347; Martin v. Black, 24 Mo. App. 60; Foster v. Railroad, 115 Mo. 165. (2) The objection to the question propounded to Dr. Perkins was properly sustained. (3) The third assignment of error based upon the action of the court in sustaining plaintiff's objection to question propounded to Dr. Punton is answered, we think by what has been said by us under point 2. (4) We respectfully submit that there is nothing wrong with the plaintiff's instruction complained of. The

credibility of the witnesses is for the jury. Chinn v. Railroad, 100 Mo. App. 516.

ELLISON, J.—This is an action for personal injury alleged to have been received by the plaintiff just after she entered one of defendant's street cars as a passenger thereon. The result in the trial court was for the plaintiff. It appears, from evidence in plaintiff's behalf, that when she entered into defendant's car and before she had time to become seated in one of the seats, the car was suddenly started forward with a violent jerk, which threw her with violence against a stove and on to the floor of the car, whereby she was seriously injured.

The first objection to the judgment is that error was committed in not sustaining defendant's motion to strike out a question asked of a certain physician who had waited upon plaintiff. Plaintiff's counsel asked: "Now, doctor, you say she seemed to be suffering great pain? Answer: Yes, sir. Question: Now to what do you attribute that? Answer: Attribute it to the injury she told me of, I know of no other reason for it." Defendant's counsel then moved the court "to strike out that question because it is not a proper hypothetical question; based upon statements of a party, not evidence, does not state all the facts in evidence; gives the opinion and conclusion of the witness upon an issue of fact which it is the duty of the jury to try and determine." Which the court overruled.

The objection was not well taken. No reason appearing to prevent it, the objection should have been made before the witness answered. It is not proper to wait, or accept the chance to see if the answer will be favorable. [Foster v. Railroad, 115 Mo. 165, 183; Martin v. Block, 24 Mo. App. 60.]

Exception was taken to the action of the court in sustaining an objection to a hypothetical question propounded to a physician called by defendant. We believe

the ruling was proper. The ruling could be upheld on the ground that the question was not clear in its statement and was encumbered with unnecessary preliminary matter. But it in reality called for the conclusion of the physician, and his answer would necessarily have led the jury to believe that his conclusion was that the result complained of could not have been caused by the fall in the car. His opinion should have been sought and not his conclusion. He should have been asked whether such manner of fall might or could produce the condition from which plaintiff was suffering. [Glasgow v. Railway, 191 Mo. 347, 360; Taylor v. Railway, 185 Mo. 255.] The same may be said of the other expert witness. The question was afterwards answered by the first witness, and his answer shows that he interpreted the question as calling for his conclusion, and gave it. He stated that the fall was not the cause of plaintiff's condition. The proper answer in the negative to a proper question would have been that in his opinon such a fall would not, or could not, produce such condition. It was for the jury to say whether, notwithstanding the expert's opinion, it *did* produce it.

Objection is made to one of plaintiff's instructions in regard to a preponderance of the evidence and the right of the jury to believe a less number than a greater number of witnesses. We can discover no possible objection to the instruction. It clearly stated the law and it was applicable to the case.

There is no error in the record and the judgment is therefore affirmed. All concur.