## THOMAS H. SMITH, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, April 1, 1907.

1. **DAMAGES: Instruction: Medical Attention: Excessive Finding: Remittitur.** A petition laid the liability for medical attention at a given sum. The instruction did not confine the finding within such sum. After the judgment the plaintiff entered a remittitur for a sum larger than that alleged for medical services. *Held,* the remittitur cured the error in the instruction.

2. **MASTER AND SERVANT: Shoring Ditch Wall: Instruction: Alter Ego.** An instruction set out in the opinion is held not to be a comment on the evidence, nor to be broader than the petition in referring to the actions of the foreman, since he was the *alter ego* of the defendant.

3. ——: ——: ——: ——: **Safe Place: Notice.** An instruction relating to a safe place for work is held not subject to criticism for failure to allow sufficient time after the discovery of its unsafe condition to have it rendered safe, since it is the master's duty to furnish a reasonably safe place.

4. ——: **Assumption of Risk: Negligence.** The servant assumes the risk incident to his employment but never the risk of his master's negligence; and in digging a ditch the servant assumes all the risk incident to the material's liability to cave that can not be avoided by the exercise of ordinary precaution on the master's part.

5. ——: **Negligence: Contributory Negligence.** That the servant has ordinary intelligence will not preclude a recovery if the danger is not of a character that an ordinarily prudent person would not undertake it in the exercise of ordinary care.

6. ——: **Assumption of Risk: Negligence: Contributory Negligence.** The mere fact that the servant gave no notice of the danger and requested that it be obviated will not defeat his recovery for the master's negligence, especially where the foreman is present, so that the servant has the right to rely upon his superior knowledge and continue his work under the assumption that there is no immediate danger.

7. **EVIDENCE: Personal Injury: Expert: Conclusion.** A distinction is made between the opinion and the conclusion of an expert, and it is held that while he may state whether in his opinion a certain accident would produce certain injuries, he may not state that the injuries were produced by the accident.

8. **APPELLATE PRACTICE: Constitution: Supreme Court: Court of Appeals.** Under the constitution a Court of Appeals must follow the latest decision of the Supreme Court on a subject.

9. **EVIDENCE: Expert: Differing Opinions.** The fact that witnesses familiar with the digging of trenches differ as to whether a certain trench should have been braced is not a sufficient test to admit opinion evidence, since experts are not admissible unless it is clear that the jurors for the want of experience are not capable of drawing correct conclusions from the facts proven.

Appeal from Jackson Circuit Court.—*Hon. Sanford B. Ladd,* Special Judge.

REVERSED AND REMANDED.

*Edwin C. Meservey,* City Counselor, and *W. H. H. Piatt,* Associate City Counselor, for appellant.

(1)    This case must be reversed for error in giving respondent's instruction numbered 5, authorizing the recovery of an amount for obligations incurred for "medical treatment and attention" in excess of the amount claimed and for expenditures therefor not alleged to have been made. (2) This case must be reversed for the error in giving plaintiff's instruction numbered 1, which comments on the evidence by directing the attention of the jury to negligence of a party not joined in the suit and not an issue in this case, and because the instruction is an incorrect and defective statement of the facts necessary to constitute negligence. It assumes the truth of a controverted fact and is broader than the petition. (3)    The plaintiff assumed the risk and hazard incident to the manner of doing the work. Under his own evidence in this case he was guilty of contributory negligence. (4)    The court erred in permitting plaintiff, over the objection of defendant, to introduce expert and opinion evidence on a matter of common knowledge; in permitting plaintiff's medical experts to invade the province of the jury; and in permitting plaintiff to enlarge the issues made by the petition. (5)    The verdict is excessive.

*Dwight P. Dilworth* and *Elijah Robinson,* for respondent, filed argument.

BROADDUS, P. J.—This is a suit for injuries plaintiff received, alleged to have been the result of the defendant's negligence. The petition alleges that on the twenty-fourth day of November, 1903, plaintiff was the servant and employee of defendant and as such was engaged in digging a trench and laying a water pipe at Turkey Creek pumping station; that the work was being done under the direction and control of William

Boyle, defendant's foreman; that plaintiff was injured by the caving or falling in of the bank of the trench that defendant's said agent in charge of said work "negligently and carelessly failed and neglected to brace, shore up and protect the bank or walls of said trench wherein plaintiff was working as aforesaid, so as to make said trench reasonably safe to work in, as it was the duty of defendant and its said representative to do;" and that by reason thereof plaintiff was seriously injured. The answer was a general denial, and a plea of contributory negligence, and that plaintiff assumed the risk.

The evidence showed that plaintiff was a man fifty-five years of age and in good health at the time of his injury, at which time and prior thereto he was in the employ of defendant as a common laborer, principally engaged in excavating trenches and laying water mains; that he was injured while putting in an exhaust pipe from the boiler room at said station by the caving in of one of the banks of the trench which was from five to nine feet deep; that the trench was excavated through material composed of cinders, soil, sand and some bricks; that at the time in question other employees of defendant were engaged in rolling in a large water pipe and shoveling back the excavated material; and that plaintiff while in the trench and in a stooping position, guiding a piece of water pipe, which was being carried on ropes by four or five men on top of the bank, was injured by a portion of the wall of the trench falling upon his back and legs. Attention will be called to other evidence hereafter.

The plaintiff recovered judgment in the sum of five thousand dollars, but entered a remittitur of five hundred dollars. Defendant appealed. The defendant alleges that many errors occurred during the trial, which we will notice in the order they are assigned in its brief.

First. The giving of instruction number five for

plaintiff, authorizing a recovery for obligations incurred for "medical treatment and attention" in excess of the amount claimed and for expenditures not alleged in the petition. Said instruction authorizes a recovery for medical attention and treatment for which the plaintiff had become liable. The allegation of the petition is that plaintiff had become liable for medicine and medical attendance in the sum of one hundred and twenty-five dollars. The error consists in the failure of the instruction to limit the jury to the amount of recovery for the matters mentioned to the sum of one hundred and twenty-five dollars. [Smoot v. Kansas City, 194 Mo. 513.] But, inasmuch as plaintiff has entered a remittitur of five hundred dollars, the judgment ought not to be reversed for that cause, as the evidence very clearly showed that plaintiff's entire liability for medicine and medical attendance did not exceed that sum. In such cases, a remittitur cures the error. [Smoot v. Kansas City, supra.]

Plaintiff's instruction numbered one is criticised for the alleged reason that; it is a commentary on the evidence, because it directs the attention of the jury to the negligence of a party not joined in the suit, that it is an incorrect and defective statement of the facts necessary to constitute negligence and because it assumes the truth of controverted facts and is broader than the petition. The instruction reads as follows: "You are instructed that if you believe from the evidence that the foreman in charge of the work knew, or by the exercise of ordinary care could have known, that there was danger of the wall or sides of the trench, in which the plaintiff was working, caving in and that he failed to provide against such caving in with the care and caution that a reasonably prudent and cautious person would have exercised under the same or similar circumstances, consistent with the continuation of the work that was being done, then he was guilty of negligence as that term

is defined in another instruction." The instruction speaks for itself and is a complete refutation of the criticism employed. It refers to the issue and defines negligence in the most approved form adopted for that purpose, and is not in any sense a commentary on the evidence, and does not enlarge the issue. We gather from the defendant's argument, that the instruction is "broader than the petition," means the reference to the foreman. The argument is that no recovery is sought against the foreman and for that reason it was error to define what would be negligence on his part. It may be *necessary* to say that the foreman was the *alter ego* of defendant and what he did or failed to do is not to be attributed to him as an individual, but to his principal. We notice these criticisms because the defendant's counsel seem to be impressed with their importance.

There is still another objection to the instruction which perhaps we ought to notice, viz.: that defendant was not allowed sufficient time after a discovery of the unsafe condition of the embankment to have rendered it safe. This view of the matter leaves out of consideration the law that governs the relation of master and servant, viz.: that it is the duty of the master to furnish his servant with a reasonably safe place in which to do his work. This principle is so well understood that we will not stop to cite the authorities in its support.

It is next contended that plaintiff assumed the risk. It may be assumed as beyond dispute that the servant as a rule assumes the risk incident to his employment. [Minnier v. Railroad, 167 Mo. l. c. 113.] But it is always an important matter and sometimes a matter requiring careful consideration to determine what are the risks incident to a given employment, that the servant assumes. The servant never assumes the risk of his master's negligence. Therefore, if the master conducts his business without the exercise of ordinary care and caution, the servant does not assume the risks

incident to his negligence. One of the risks incident to his employment is, as a general rule, the negligence of his fellow-servant. If the work in which he is engaged for his master is known to be attended with danger, however careful its performance, the servant, and not the master, assumes the risk of danger. If we should cite all the authorities upon the question, we would find that what is held in them amounts to just what has been stated. It therefore avails little to refer to special cases for a guide in any given case, for the reason that no two cases are alike in every particular, though, generally speaking, they may be alike in important particulars. As the trench in which plaintiff was at work was dug through cinders, sand and other material, the walls were more likely to cave in than in ordinary earth; the plaintiff assumed all the risk of injury incident to its liability to cave in and fall upon him that could not be avoided by the exercise of ordinary precaution upon the part of the defendant. [Bradley v. Railroad, 138 Mo. 293.]

It will be assumed that the plaintiff was a man of ordinary intelligence and knew the danger, but that fact would not preclude him from recovering if the danger was not imminent and of such a character that a person of ordinary prudence in the exercise of ordinary care would not have undertaken the work; or the converse, that he might have reasonably supposed that he could do the work by the use of care and caution. [Hurst v. Railroad, 163 Mo. 309.] And that is a question for the jury. [Thompson v. Railroad, 86 Mo. App. l. c. 150; Devore v. Railroad, 86 Mo. App. 429; Scott v. Springfield, 81 Mo. App. 312; Bradley v. Railroad, supra.] There was evidence tending to show that it was not only necessary to prop the walls of the trench to keep them from caving in, but as a matter of common knowledge that it was necessary to do so.

Another question raised by defendant is that plain-

tiff was guilty of such contributory negligence as precluded his right to recover. ·This contention is based upon the ground that plaintiff was aware of the liability of the banks of the trench to cave in, and that he made no request of the foreman to have them propped, and that he picked rocks and bricks out of the wall thereby leaving it honeycombed and weakened. The plaintiff testified that the only thing that he saw that indicated unsafeness was that a few of the bricks stuck in the wall and that he took them out, his object in doing so was to prevent them from falling upon the workmen. Surely, such an act would not constitute such contributory negligence, if it was negligence, as would prevent him from recovering. As to the fact that he was aware of the danger and failed to request that it be obviated, this is answered already wherein we have said that the danger that will operate to defeat a recovery must be such that an ordinarily prudent person in the exercise of ordinary caution would not undertake the work. Besides the foreman was present and the plaintiff had the right to rely upon his superior knowledge and to continue his work under the assumption that there was no immediate danger. "The fact the servant's work is done in the presence of, and under the immediate direction of, the master's foreman, is equivalent to an assurance that the servant may safely proceed with it; he is not bound in such case to search for danger, but may rely for his safety on the judgment and conduct of the foreman." [Herdler v. Stove & Range Co., 136 Mo. 3; Sullivan v. Railroad, 107 Mo. 66.]

It is contended that the court erred in admitting certain testimony of Dr. Waite and of Dr. Jones, introduced as medical experts. As to the former, it is only necessary to remark that his evidence was strictly within the rule governing the admission of such evidence. Dr. Jones was asked: "Now, I will get you to state, Dr. Jones, if a man working in water, and then com-

plaining of rheumatism afterwards, was injured by the falling of a quantity of earth upon his back, which was immediately succeeded by the conditions that you found to exist in Mr. Smith, to which of those two causes would you attribute his injuries? A. I would attribute it to the accident." In Taylor v. Railroad, 185 Mo. 239, Division One of the Supreme Court held that, "There is an essential difference between permitting a witness to give an opinion and permitting him to draw a conclusion. It is error to permit the expert witness to testify that he attributes plaintiff's present condition to the injury. It is competent to state to such experts the nature and extent of the injuries and then to ask them whether or not in their opinion such injuries would result in her present condition." In that case the expert was asked a question similar to the one here and the answer was about the same also. The two cases are closely akin. We are cited to Wood v. Railway, 181 Mo. 433, Division Two of the Supreme Court, wherein it was held that it was competent for the medical expert to state that plaintiff's condition not only could have been produced by the shock of the injury received by her fall, but that "in his opinion was caused by it." Under the Constitution, we are bound by the later decision (Taylor v. Railroad, supra) which has been reaffirmed in Glasgow v. Railroad, 191 Mo. 347.

Witnesses were allowed to testify that in their opinion the trench required bracing. The reason assigned against the admission of this evidence is that this was a matter of common knowledge and not a matter of expert testimony. But the witnesses familiar with matters of that kind differed in their opinions as to the necessity for such bracing. Perhaps, that was not a sufficient test. Ordinarily, we would conclude that a trench in earth of the nature of that shown, from five to nine feet in depth, would require bracing. In our opinion, the evidence was not admissible under the rule. The rule

in such cases is that, "The evidence of expert witnesses is not admissible unless it is clear that the jurors themselves for want of experience or knowledge of the subject are not capable of drawing correct conclusions from the facts proved." [Benjamin v. Railroad, 133 Mo. 274.] But the admission of such testimony was not harmful as the jury found that the trench required bracing, which they should have done in the absence of such evidence.

Other points made are not important. The remaining question that the verdict is excessive need not be considered as there will have to be a new trial for the error noted.

Reversed and remanded. All concur.