PER CURIAM. The judgment vacates an assessment on the plaintiff's property for the opening of a street in the city of Mt. Vernon, the defendant, on the ground that, whereas, the charter of the city required "a unanimous vote" of all of the members of the common council to allow the improvement, there was a unanimous vote of only eight of such members, all that were present; the whole number being ten. That this did not make the proceeding and the assessment void was decided and affirmed in this court. Matter of the Application of the City of Mt. Vernon, etc., 34 Misc. Rep. 225, 68 N. Y. Supp. 823; 64 App. Div. 619, 72 N. Y. Supp. 1097.

Nevertheless another justice thereafter, in case of one of the landowners assessed, decided to the contrary, and no appeal was taken from this judgment by the city. This was all irregular. Our decision should have been followed. The learned referee in the present case felt constrained to follow this later decision; but he was under no such constraint. He should have followed our decision. We also deem it strange that, when the appeal was before us in the matter of the writ of mandamus to compel the cancellation of the assessment in accordance with this later judgment (People ex rel. Jardine v. Brush, 115 App. Div. 688, 101 N. Y. Supp. 312), we were not informed that the proceeding and assessments were the same that we had formerly upheld in the said case first tried. The square decision there given in favor of the city should not be permitted to be frittered away.

The judgment should be reversed, with costs, and the complaint dismissed.

---

(56 Misc. Rep. 138.)

### KEHOE v. INTERNATIONAL RY. CO.

(Supreme Court, Trial Term, Niagara County. October 12, 1907.)

EVIDENCE—PHYSICIAN'S OPINION—CAUSE OF PERSONAL INJURY.

In estimating damages for personal injury, apprehended future consequences which are merely possible and speculative may not be considered, but physician may testify that in his judgment plaintiff's alleged condition as to nervousness, headaches, and pain after the accident and before and at the trial might or could have resulted from the accident; plaintiff having previously testified that such conditions so resulted.

Action by James B. Kehoe against the International Railway Company. Motion by defendant for new trial on judge's minutes after $1,500 verdict for plaintiff. Denied.

Morris Cohn, for the motion.
Alfred W. Gray, opposed.

POUND, J. Plaintiff, while riding as a passenger on defendant's trolley car between Buffalo and Lockport, was struck and wounded in the head by a trolley wheel which flew off the front car trolley, and came through a transom window or ventilator into the smoking compartment, where plaintiff was sitting, in the forward part of a second car attached to and following the first car.

Defendant's counsel moves for a new trial on the ground that the court was in error in admitting, over his objection, the evidence of

Dr. Kittinger, to the effect that, in his judgment as a physician, plaintiff's alleged condition as to nervousness, headaches, and pain after the accident and before and at the trial might or could have resulted from the accident; plaintiff having previously testified that such conditions were the result of the accident. He cites Huba v. Schenectady R. R. Co., 85 App. Div. 203, 83 N. Y. Supp. 157, decided in the Third Department in June, 1903, as sustaining his proposition, and the evidence seems to fall under the condemnation of the authority relied on. With diffidence, I venture the opinion that, on this point, the Huba Case is in direct conflict with the rule laid down in Turner v. Newburgh, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453, has not been followed, and is not controlling here. It is a well-established rule that apprehended future consequences which are merely possible and speculative are not proper to be considered in estimating damages. Strohm v. Railroad Co., 96 N. Y. 305. But, as was said by Gray, J., in the Turner Case, supra:

"It is perfectly competent to furnish the jury with evidence of the present physical condition and bodily sufferings (of the plaintiff) and with the opinions of competent physicians as to whether such could have resulted from the accident."

The Turner Case was not considered in the opinion in the Huba Case. It is, however, cited with approval and followed on this point in the more recent case of Graham v. Bauland Co., 97 App. Div. 145, 89 N. Y. S. 595, decided in the Second Department in July, 1904. See, also, Hamel v. Brooklyn Heights R. R. Co., 59 App. Div. 135, 69 N. Y. Supp. 166; Quinn v. O'Keefe, 9 App. Div. 68, 74, 41 N. Y. Supp. 116; Bowen v. Railroad Co., 89 Hun, 594, 35 N. Y. Supp. 540.

Motion denied.