## LEONA CASTANIE v. UNITED RAILWAYS COMPANY, Appellant.

### Division One, March 28, 1913.

TESTIMONY: Expert: Testifying the Fact to Be Found. Where defendant sharply denied that there was any accident at all, an expert witness should not be asked if he ascribes her present condition to the injury she received, and if he is asked such a question by plaintiff and his answer is yes, the error is reversible. It is proper to ask him if plaintiff's injuries could be ascribed to the accident detailed in the question, but it is not proper to ask him if the accident caused those injuries.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

REVERSED AND REMANDED.

*Elmer C. Adkins* and *T. E. Francis* for appellant; *Morton Jourdan* and *Boyle & Priest* of counsel.

(1) The court erred in allowing Dr. McElwee to testify, over defendant's objections, that he ascribed the condition of plaintiff's hip to an injury she had received in being thrown from the street car, thereby permitting him to invade the province of the jury. Taylor v. Railroad, 185 Mo. 255; Glasgow v. Railroad, 191 Mo. 358; Smart v. Kansas City, 208 Mo. 202; State v. Hyde, 234 Mo. 252; Atkinson v. School, 240 Mo. 355.     (2) The verdict is grossly excessive, and the court erred in refusing to grant defendant a new trial on account thereof.     Wellman v. Railroad, 219 Mo. 154; Stolze v. Transit Co., 188 Mo. 580; Dean v. Railroad, 229 Mo. 425; Taylor v. Railroad, 185 Mo. 239, 257.

*Charles Fensky* for respondent; *Aruthur G. Moseley* of counsel.

Counsel complains that the court erred in allowing Dr. McElwee to testify that he ascribed the condition of plaintiff's hip to an injury she had received in being thrown from the street car, thereby permitting him to invade the province of the jury. If the court will read the testimony of this physician it will find the doctor did testify that "this crepitation was due, in his opinion, to inflammatory exostosis thrown out from the bottom of the socket in the attempt on the part of nature to repair the injury that the patient had sustained in her fall from the car on the 20th of the previous September," but defendant made no ob-

249 Mo.—13

jection to this and no motion was made to strike it out, but permitted it to stand, and this is the only place where this physician testified that the injury to the hip was caused by being thrown from the street car. Wood v. Railroad, 181 Mo. 453; Glasgow v. Railroad, 191 Mo. 363.

## STATEMENT BY THE COURT.

This is an action by the public administrator of St. Louis as the curator of plaintiff for personal injuries alleged to have been sustained by her on the 20th of September, 1907, while a passenger on defendant's street railway, which she alleges was stopped in obedience to a signal from her and was then caused to be negligently and suddenly started forward while she was in the act of alighting, thereby throwing her to the pavement and severely injuring her left hip bone, lacerating the tissues around the same, and shocking her spine and nervous system. The defense was (1) a general denial; (2) contributory negligence. On the trial there was evidence tending to prove the allegations contained in plaintiff's petition. There was conflict in the evidence as to the nature, extent and curability of her injuries; and defendant also introduced testimony in denial of the occurrence of the injury. The jury returned a verdict for $12,000, from which defendant has appealed; assigning for errors, the refusal of the court to sustain its objection to the testimony of two physicians, and that the verdict is grossly excessive.

## OPINION.

BOND, J. (after stating the facts as above.)

I. In the view we have taken of this case, it is only necessary to refer to the exceptions preserved

**Hypothetical Question.** as to the hypothetical question put to Dr. McElwee. This question, after embodying a suppositional statement of the testimony adduced on behalf of plaintiff in reference to the occurrence of the injury, was permitted to be asked by the court so as to conclude with the following inquiry, to-wit: "Q. I ask you the question, do you ascribe that present condition to the injury I described to you in the hypothetical question." The answer of the witness was as follows: "A. That is what I understand by the hypothetical question—that is the long question you asked me? Q. Yes. A. Yes." Objections were made and exceptions taken to the question and answer. It will be borne in mind that the defendant denied that plaintiff had been injured or thrown from one of its cars, and sought to sustain that denial by its conductor and motorman, who testified that no such accident had happened. The issue thus raised by defendant was one which it was entitled to have determined by the jury and not by the expert called on behalf of plaintiff. The authorities on that subject are uniform in this State, and the rule is nowhere stated with more clearness than by VALLIANT, J., in discussing the propriety of a similar question in the case of Glasgow v. Railroad, 191 Mo. l. c. 365, to-wit: "In the case at bar the question was not, was the fall from the street car described sufficient to have produced the displacement of the uterus? but it was, did the fall produce it? An affirmative answer to the question in the one form, though credited as true, would have still left the jury to find from all the evidence in the case whether or not the affliction under which the witness found the plaintiff suffering was caused by a fall from a street car; an affirmative answer to the question in the other form, if credited, would have closed the inquiry." So in the case at bar, the issue as to whether or not the injury to the plaintiff was caused by a fall from the street car was one which the

jury were called to try. It would have been entirely proper for the question under review to have been put in a form which would have permitted an answer by the physician, that the injuries *might* or *could* have been produced by such a fall as that described in the hypothetical question. But it should have not been framed (as it was) so as to elicit an answer that the supposed fall *did* cause the injury, because that was a "fact to be proved," and which it was the duty of the jury to determine in view of all the evidence bearing on that issue. The answer of the physician undertook to relieve them of that task. The objection to the form of the hypothetical question should have been sustained. The answer of the witness was incompetent and necessarily prejudicial. It left nothing for the jury to find if they believed the statement of the witness as to the cause of the injuries sustained by plaintiff. [Atkinson v. School of Osteopathy, 240 Mo. l. c. 355; Smart v. Kansas City, 208 Mo. l. c. 202; Taylor v. Railroad, 185 Mo. l. c. 256, and cases cited.]

Since this misreception of evidence necessitates the reversal of this cause, it is unnecessary to discuss other errors assigned.

The judgment herein is reversed and the cause remanded.

*Woodson, P. J.*, and *Lamm* and *Graves, JJ.*, concur.