## JACKSON v. HARRIES et al.

No. 4152.   Decided February 11, 1925.   Petition for Rehearing Denied and Opinion Modified April 29, 1925.   (236 P. 234.)

1.   SHERIFFS AND CONSTABLES—COMPLAINT IN ACTION FOR INJURIES HELD SUFFICIENT AS AGAINST GENERAL DEMURRER. Complaint in action for injuries sustained by plaintiff when deputy sheriffs searched her premises *held* sufficient, in view of Comp. Laws 1917, § 6610, as against contention on general demurrer that it was not alleged that such officers were acting in their official capacities.

2.   OFFICERS—SURETIES ON OFFICIAL BONDS LIABLE ONLY WHERE OFFICER COMMITS WRONG WHILE ACTING IN OFFICIAL CAPACITY. Sureties on official bonds can be held liable only where officer commits a wrong while acting in his official capacity.

3. PLEADING—TEST OF SUFFICIENCY OF COMPLAINT TO WITHSTAND GENERAL DEMURRER STATED. Test of sufficiency of a complaint to withstand a general demurrer is, Can a complete cause of action be proved under allegations without violating rules of evidence relating to relevancy, etc.?

4. PLEADING—ALLEGATIONS TO ADMIT PROOF, THAT ACTS COMPLAINED OF WERE OFFICIAL ACTS, NEED BE STATED IN GENERAL TERMS MERELY. Comp. Laws 1917, § 6610, providing that "capacity or relation" may be pleaded "as a legal conclusion," does not mean that official acts of an officer are not required to be proved in the usual way, but that allegations in complaint to admit proper proof that acts complained of were official acts need be stated in general terms merely.

5. OFFICERS—TEST IN DETERMINING WHEN AN OFFICER ACTS IN HIS OFFICIAL CAPACITY STATED. Test to determine when an officer is acting in his official capacity is: Would he have acted in particular instance, if he were not clothed with his official character, or would he have so acted, if he were not an officer?

6. INTOXICATING LIQUORS—SHERIFFS AND CONSTABLES—SEARCH UNDER PROHIBITION LAW MUST BE MADE IN LAWFUL MANNER, AND OFFICERS AND BONDSMEN ARE LIABLE FOR WRONGFUL INJURIES. In executing search and seizure warrants under prohibition law, search must be made in a lawful and reasonable manner, and officers and their bondsmen are liable for injuries due to any unusual and unnecessary force.

7. OFFICERS—PROTECTED ONLY SO LONG AS ACTING WITHIN THE LAW. Officers will be protected only so long as they act within the law.

8. APPEAL AND ERROR—ANY ERROR IN NOT STRIKING PLAINTIFF'S ANSWER AS BEING A CONCLUSION HELD NOT PREJUDICIAL. In action for injuries sustained by plaintiff when deputy sheriffs searched her premises, any error in not striking plaintiff's answer, that she was hurt in her feelings and that she would never get over it, as being a conclusion, *held* not prejudicial.

9. EVIDENCE—HYPOTHETICAL QUESTIONS WHETHER CONDITIONS COULD HAVE BEEN CAUSED BY ACTS COMPLAINED OF PROPER. In action for injuries sustained by plaintiff when deputy sheriffs searched her premises, hypothetical questions to physicians who examined plaintiff whether certain described symptoms and conditions and inability to perform her household labors could be caused by acts of such officers *held* not improper.

10. APPEAL AND ERROR—CORRECTNESS OF PART OF INSTRUCTION NOT BEFORE APPELLATE COURT, WHERE EXCEPTION TAKEN TO INSTRUCTION AS A WHOLE. Correctness of part of instruction was not before appellate court, where exception was taken to instruction as a whole and it contained several parts which were admittedly good.[1]

11. DAMAGES—WHETHER PLAINTIFF'S INJURIES WERE SERIOUS AND CAUSED BY DEFENDANT'S ACTS HELD FOR JURY. In action for injuries sustained by plaintiff when deputy sheriffs searched her premises, whether her injuries were serious and extent thereof and whether she was a well woman before the raid, and whether her present trouble was caused by acts of officers, *held* for jury.

12. APPEAL AND ERROR—AWARD OF DAMAGES NOT DISTURBED BY APPELLATE COURT, WHERE NOT SHOCKING CONSCIENCE OR INDICATING PASSION OR PREJUDICE BY JURY. Award of damages for personal injuries cannot be disturbed by appellate court, where it is not so excessive as to shock the conscience nor indicate passion, prejudice, or corruption on part of jurors.[2]

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

Action by Bertha Jackson against Benjamin R. Harries and others. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

---

[1] *McLaughlin* v. *Chief Con. Mining Co. et al.*, 62 Utah, 532, 220 P. 726.

[2] *McAfee* v. *Ogden Union Ry. & Depot Co.*, 62 Utah, 115, 218 P. 98.

See Headnote 1.   35 Cyc. p. 1977.
Headnote 2.   29 Cyc. p. 1455.
Headnote 3.   31 Cyc. p. 290.
Headnote 4.   31 Cyc. p. 59 (1926 Anno.).
Headnote 5.   29 Cyc. p. 1455.
Headnote 6.   33 C. J. p. 683 (1926 Anno.); 35 Cyc. p. 1275.
Headnote 7.   29 Cyc. p. 1441.
Headnote 8.   4 C. J. p. 1002.
Headnote 9.   22 C. J. p. 667.
Headnote 10.   3 C. J. p. 922.
Headnote 11.   17 C. J. pp. 1057, 1059.
Headnote 12.   4 C. J. p. 872.

*Stewart, Alexander & Budge* and *R. L. Judd,* all of Salt Lake City, for appellants.

*Willard Hanson,* of Salt Lake City, for respondent.

WOOLLEY, District Judge.

In this case an opinion affirming the judgment of the district court was handed down on February 11, 1925. Appellants in due time filed separate petitions for rehearing upon various grounds; the principal ones being that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in holding that the appellants had waived any rights by producing certain evidence on their behalf and by other conduct referred to in the opinion.

In the original opinion the court did not pass directly upon the question as to whether the complaint stated a cause of action or not, but held that appellants had supplied the omissions, if any there were, by producing evidence and by other conduct set forth in the opinion.

After considering the arguments of counsel for appellants in support of their petitions for rehearing, and after again carefully going over the original briefs filed by appellants, together with the record on appeal, the court has reached the conclusion that the original opinion should be modified in certain particulars. We are, however, also of the opinion that, after such modification, the affirmance of the judgment should be adhered to and hence nothing would be accomplished by granting a rehearing. This opinion will therefore be substituted for the opinion as originally filed, and will constitute the official opinion of this court in this case, and will be published as such.

The action was instituted by the plaintiff against the sheriff of Salt Lake county, the surety on his official bond, and three of his deputies. In the complaint, after alleging the election and qualification of Benjamin R. Harries as sheriff of Salt Lake county, that the appellant Maryland Casualty

Company duly qualified and was accepted as surety on Harries' official bond as sheriff, that the other appellants were the duly appointed and acting deputy sheriffs of Salt Lake county, it was in substance further alleged:

"That on the 1st day of August, A. D. 1923, plaintiff and her said family were using and occupying the said premises heretofore described, and were then in the lawful and peaceable possession of the same, and that on said day, and while in the lawful and peaceable possession of said premises, the said defendants H. H. Harries, J. W. Harris, and T. A. Callicut, acting as deputy sheriffs aforesaid and acting under the orders and directions of the said Benjamin R. Harries, sheriff of Salt Lake county aforesaid, then and there unlawfully," etc.

The complaint then, with much particularity, describes the acts, and states what was done by the deputy sheriffs in searching the house of the plaintiff, and fully and specifically alleges the effect that their acts and conduct had upon the plaintiff, and that, "by reason of the aforesaid acts of the said officers," she was caused to suffer great pain and mental anguish, etc., for which she asked to be compensated, stating the amount claimed.

Each of the appellants filed a general demurrer to the complaint. The demurrers were overruled, and the appellants filed a joint answer in which they admitted all of the allegations contained in the complaint except those relating to the alleged wrongful acts of the deputy sheriffs, and that the plaintiff was damaged in consequence of their acts, all of which they denied.

Upon the issues presented by the pleadings aforesaid, the case proceeded to trial. After plaintiff had produced some evidence relating to some preliminary matters, all of the appellants made separate objections to the introduction of any evidence upon the merits of the case, for the alleged reason that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled and the case proceeded, and, after all the evidence was produced by both sides, the case was submitted to the jury upon the instructions of the court. The jury returned a verdict against all of the defendants except one of the deputy sher-

iffs, who was not served with process.   Judgment was entered upon the verdict.   The appellants filed a motion for a new trial, which was denied.   This appeal is from the judgment.

A number of errors are assigned, which, so far as deemed material, will be considered in their order.

It is again strenuously argued on behalf of appellants that the judgment should not prevail, for the reason that the complaint does not state facts sufficient to constitute a cause of action.   The principal reason urged, in that particular is that it is not alleged in the complaint that the acts complained of were acts that were committed by the deputy sheriffs while acting in their official capacities as officers.   That is, that it is not alleged that the acts were committed either under color of office or by virtue of office.

It is true that some courts have indulged in considerable refinement in passing upon the sufficiency of the allegations of complaints where the actions were predicated upon alleged wrongful acts of executive officers, such as sheriffs and their deputies, when the sureties on the official bonds were parties defendant.   In such cases some of the courts have sought to establish strict, and, what seems to us, artificial, rules in determining the sufficiency of complaints. Such, no doubt, was due to the fact that sureties on official bonds can be held liable only in cases where the officer commits a wrong while acting in his official capacity.   But, even in such cases, reasonable certainty in averment should be sufficient.   Where, as in the complaint in this case, the election and qualification of the officers and their titles, together with the execution of the official bond, are clearly alleged and it is then further alleged that, while ''acting'' as such officers, the wrongful acts, which are fully described, were committed, and where it clearly appears from the acts described that they were such as such officers    1-3 usually perform, the allegations should be sufficient.

The test of the sufficiency of a complaint to withstand a general demurrer always is this:   Can a complete cause of action be proved under the allegations without violating

the rules of evidence relating to relevancy, etc.? It seems clear to us that, in view of all of the allegations contained in the complaint before us, proof that the deputy sheriffs acted in their official capacity in entering and searching the home of plaintiff and in doing the acts complained of was clearly admissible. True, the complaint is not a perfect pleading, and the cause of action, no doubt, is defectively stated. The allegations, when considered as a whole, however, are sufficient to withstand a general demurrer, and hence the complaint is sufficient. In the following cases complaints which, in our judgment, were quite as defective in statement as the complaint in this case, were nevertheless upheld as stating causes of action in actions against sheriffs and their sureties: *Gomez* v. *Scanlan,* 155 Cal. 528, 102 P. 12; *Meek* v. *Tilghman,* 55 Okl. 208, 154 P. 1190; *Lee* v. *Charmley,* 20 N. D. 570, 129 N. W. 448, 33 L. R. A. (N. S.) 275; and *Greenberg* v. *People,* 225 Ill. 174, 80 N. E. 100, 8 L. R. A. (N. S.) 1223, 116 Am. St. Rep. 127. Moreover, we have a statute (Comp. Laws Utah 1917, § 6610), which provides that in alleging "capacity or relation" the same may be pleaded "as a legal conclusion." By that is not meant that the official acts of an officer are not required to be proved in the usual way, but what is meant is that the allegations in the complaint, to admit proper proof that the acts complained of were official acts, need be stated in general terms merely, and to so allege them, it seems to us, is sufficient. At least they should be held sufficient as against a general demurrer and until it is made to appear that the defendant cannot intelligently answer the allegations of the complaint. If he cannot do so, he may point out the defect in the ordinary way by special demurrer and obtain the desired correction.

It is very clear from the record in this case that the appellants were not and could not have been prejudiced in preparing their defenses, nor in the trial of the case.

Having reached the conclusion that the complaint states a cause of action, this assignment cannot be sustained. Nor does the evidence leave any room for doubt that the deputy

sheriffs acted in their official capacities when committing the alleged wrongful acts complained of, and the jury were fully justified in awarding damages to the plaintiff.

Ordinarily, there should not be much difficulty in determining when an officer acts in his official capacity and when he acts merely in an individual capacity. In 24 R. C. L. 965, § 59, the law is clearly and tersely stated in the following words:

"The test should be: Would he have acted in the particular instance, if he were not clothed with his official character, or would he have so acted if he were not an officer? If he assumed to act as an officer—whether under valid or void process or under no process whatever—the bondsmen should be held, as he is held, for they are the sponsors of his integrity as an officer while acting as such."

If, therefore, it becomes necessary to enter private homes for the purpose of executing search and seizure warrants under the prohibition acts, such a search must  **5-7** nevertheless be made in a lawful and reasonable manner, and not as the evidence discloses it was done in this case. Officers, like others, will be protected only so long as they act within the law. The evidence is clearly to the effect that the deputy sheriffs used unusual and unnecessary force in executing the search and seizure warrant which resulted in personal injuries to the plaintiff for which their principal and the surety on his official bond are legally liable.

The next assignment discussed in the brief deserves but passing mention. When the respondent was upon the witness stand she testified that before this raid she was not nervous and slept well; afterward she was nervous, and this occurrence affected her sleeping. She could not sleep, and if she did go to sleep a few minutes it seemed like every little noise awakened her. She then said: "I was hurt in my feelings, and I never will get over it; never." Counsel moved to strike out the words, "I never will get over it; never" as being a conclusion of the witness. Her attorney thereupon remarked: "I think she means that she feels as though she can never get over it, but as to whether or not she will get over it is for the jury to say."  **8**

The motion to strike was denied and overruled; exception was taken, and error is now assigned thereon. Granting that the statement should have been stricken, if counsel for appellants were not satisfied to leave the matter as they did leave it, with the explanation volunteered by her attorney, they could easily have cleared the matter up then and there. But, at any rate, the incident did not result, so far as we can see, in any harm to any one, and the error must be held to be not so prejudicial as to require a reversal.

The next point discussed in the brief relates to certain questions propounded to the medical experts who were called as witnesses for respondent. A hypothetical question was put to Dr. Root in which counsel for respondent recited his version of the evidence and concluded as follows:

"Now, would you say that these symptoms that I have described and the condition that you find Mrs. Jackson in could be caused, or might be caused, by such an occurrence as I have described, the officers going to the house, and the conditions which I have detailed, on the first of August?" The witness answered: "I don't know how long such a condition as I find in Mrs. Jackson might exist. It might be for a short while followed by recovery; or it might be prolonged over many years. This is something that time alone will tell, A person under these conditions suffers pain—may suffer pain, and there is very much mental distress."

The doctor was then asked:

"Now Mrs. Jackson since that time has complained of inability to perform household labor like she did before; she requires assistance in it, and she gets weak and requires rest and cannot do the household work, and the household duties that she performed before this occasion. Would you say that that would follow, or might follow as a result of the condition which I have described?" To the question the witness answered, "Yes."

A similar question was put to Dr. Callister, which concluded as follows:

"Would you say that the conditions that you find in Mrs. Jackson could be caused by the actions of the officers, as I have detailed them, in entering her house at the time and place in question?" The witness answered: "I believe it could. I believe that shock of sufficient nature could cause all these symptoms that you have spoken of and the hysterical manifestations that I found upon her examination."

The appellants interposed proper objections to the foregoing questions, which were overruled, and the rulings are assigned as error.

The objection is that they call for testimony which is immaterial and incompetent. The argument is made that the experts are called because they are supposed to be competent to express an opinion, having probative value, as to the real cause of the plaintiff's condition; and that, to support the charge that defendants are responsible for that condition, the expert opinion should be addressed to the conclusion as to whether or not defendants' acts were the cause thereof. If the expert could not say that in his opinion the acts complained of did or did not cause the injury, then his testimony was without value, being mere speculation and conjecture, and affording no basis for an award of damages.

The following cases support this view: *People's Gas, etc., Co.* v. *Porter*, 102 Ill. App. 461; *Elward* v. *Ill. Cent. Ry. Co.*, 161 Ill. App. 630; *Lazarus* v. *New York City Ry. Co.*, 46 Misc. Rep. 473, 92 N. Y. S. 246; *Carlisle* v. *Bentley*, 81 Neb. 715, 116 N. W. 772; *Houston, etc.,* v. *Fox* (Tex. Civ. App.) 156 S. W. 922; *Huba* v. *Schenectady Ry. Co.*, 85 App. Div. 199, 83 N. Y. S. 157.

But the overwhelming weight of authority is against appellants' position upon this point, and is in support of the rule that it is proper to put such questions in the form used in this case, so as to obtain the opinion of the expert witness as to whether or not the acts assumed could be or might be the cause of the condition described, and leaving it to the jury to say whether or not they were in fact the cause thereof. These cases, it seems to us, are supported by the better reason. A number of them are the following: *Sachra* v. *Manilla*, 120 Iowa, 567, 95 N. W. 198; *Strever* v. *Woodard*, 160 Iowa, 332, 141 N. W. 931, 46 L. R. A. (N. S.) 644; *Castanie* v. *United Rys. Co.*, 249 Mo. 192, 155 S. W. 38, L. R. A. 1915A, 1056; *Lutz* v. *Railway Co.*, 123 Mo. App. 499, 100 S. W. 46; *Thomas* v. *Street Ry. Co.*, 125 Mo. App. 131, 100 S. W. 1121; *Smith* v. *Kansas City*, 125 Mo. App. 150, 101 S. W. 1118; *Baehr* v. *Surety Co.*, 133 Mo. App. 541, 113 S.

W. 689; *Patterson* v. *Traction Co.*, 178 Mo. App. 250, 163
S. W. 955; *Hutton* v. *Street R. Co.*, 166 Mo. App. 645, 150
S. W. 722; *Railway Co.* v. *Foster*, 226 Ill. 288, 80 N. E. 762;
*Railroad Co.* v. *Treat*, 179 Ill. 576, 54 N. E. 290; *Railroad
Co.* v. *Latimer*, 128 Ill. 163, 21 N. E. 7; *Turner* v. *City of
Newburgh*, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453;
*Kehoe* v. *Int. Ry. Co.*, 56 Misc. Rep. 138, 106 N. Y. S. 196;
*Wagner* v. *Street Ry. Co.*, 176 N. Y. 610, 68 N. E. 1125;
*Grunfelder* v. *Brooklyn Heights Ry. Co.*, 206 N. Y. 720,
100 N. E. 1128; *Gage* v. *Mills Ely Co.* (Sup.) 132 N. Y. S.
953; *Stout* v. *Pacific Mut. Life Ins. Co.*, 130 Cal. 471, 62 P.
732; *Perkins* v. *Tel. Co.*, 155 Cal. 712, 103 P. 190; *Dunn* v.
*Railroad Co.*, 130 Iowa 580, 107 N. W. 616, 6 L. R. R. (N.
S.) 452, 8 Ann. Cas. 226; *Railroad* v. *Seymour*, 92 Md. 425,
48 A. 850; *Boehm* v. *Detroit*, 141 Mich. 277, 104 N. W. 626;
*Hunter* v. *Ithaca*, 141 Mich. 539, 105 N. W. 9; *Lockard* v.
*Van Alstyne*, 155 Mich. 507, 120 N. W. 1; *Hull* v. *Detroit
United Railway Co.*, 158 Mich. 682, 123 N. W. 571; *Porter*
v. *Hetherington*, 172 Mo. App. 502, 158 S. W. 469; *Gugler*
v. *Railroad Co.*, 86 Neb. 586, 125 N. W. 1098; *Rathjen* v.
*Woodmen*, 93 Neb. 629, 141 N. W. 815.

In connection with the case of *Castanie* v. *United Ry. Co.
of St. Louis*, 249 Mo. 192, 155 S. W. 38, as reported in L. R.
A. 1915A, 1056, is a very extensive note upon the subject of
the admissibility of opinion evidence as to the cause of
death, disease, or injury. At page 1070 of that volume the
compiler has collected a large number of cases from many
jurisdictions upon the precise point involved in the
present discussion. Attention is invited to those cases,    9
if the reader be desirous of pursuing the subject
farther.

There was no error in the court overruling the objections
to the questions above mentioned propounded to the medical
experts. For them to give the opinion that the condition of
the plaintiff as described and assumed in the questions could
or might be the result of the assumed cause establishes a fact,
if their testimony be credited by the jury, from which the
latter might, when considering it in connection with all the

other evidence in the case bearing upon the point, conclude that the assumed cause was the real cause of the injury.

The appellants base an assignment of error upon that part of instruction No. 7 as read to the jury, which is as follows:

"You should consider whether the injury, if any, to the plaintiff is temporary or permanent, so far as same is made to appear from a preponderance of the evidence and what, if any, inconvenience, pain or suffering, physical or mental, has been produced," etc.

It is claimed in this connection that there is no evidence in the record of a permanent injury to the respondent, and therefore the court should not have allowed the jury to consider the permanent nature of the injury in arriving at a verdict.

This assignment, however, cannot be considered by the court, because the appellants did not take any exception to that part of the instruction which is quoted above. The exception was taken, as the record shows, to instruction No. 7 and to the whole thereof, and to a certain part thereof which is not involved in this appeal. The instruction is made up of several parts; it contains several propositions which are admittedly good; it is clearly severable. The exception as taken is therefore insufficient to authorize this court to consider the question. The point is squarely ruled by *McLaughlin* v. *Chief Con. Mining Co. et al.*, 62 Utah, 532, 220 P. 726.

It is argued in conclusion that the court erred in overruling the motion for a new trial, because the damages awarded by the jury were excessive and were given under the influence of passion and prejudice. This court is unable to agree with counsel in this proposition. To us the damages do not seem to be excessive, and no passion or prejudice is made to appear in the case. There is evidence tending to show that the respondent before this raid was a strong, healthy, normal woman, capable of performing all of the usual duties of a housewife; but that at the time of the trial, as a result of the experiences detailed in the complaint and shown in evidence, she was sick, sleepless, and nervous. One of the doctors described her as being a sufferer from

nervous trouble whose symptoms were fear, hysteria and lack of control. True it is that the evidence was in conflict upon the extent of her injuries, as to whether or not they were serious, whether or not she was a well woman before the raid, and as to whether or not her present trouble was caused by the acts of the officers. But those were all matters to be decided by the jury. They have been resolved by that tribunal against the appellants' contentions. The extent of injuries such as those shown in this case is incapable of measurement by any money standard. That is something which must rest in the judgment of some one; and the law wisely leaves it to the judgment of the jurors. Although the sum awarded by the jury in this case may seem ample compensation to the injured person, and may be larger than some of us would give her if we were sitting upon the jury in the trial of the case, it still is not so excessive as to shock the conscience, nor does it indicate passion, prejudice, or corruption on the part of the jurors. It may not therefore be disturbed by this court. *McAfee* v. *Ogden Union Ry. & Depot Co.*, 62 Utah, 115, 218 P. 98.

Having discussed all of the points raised by this appeal, and finding no reversible error in the record, and believing that the case was fairly tried and that the appellants are clearly liable to the respondent, upon their own showing, for the damages which she sustained by this unlawful trespass upon her rights, the writer is of opinion that the judgment must be affirmed. It is so ordered. Respondent to recover her costs.

GIDEON, C. J., and FRICK and CHERRY, JJ., concur.

Term of office of Hon. A. J. WEBER, who was Chief Justice, expired before disposition of this case.

THURMAN, J., did not participate herein.