CATHERINE B. O'NEIL *vs.* H. A. HANSCOM & another.
ELEANOR MALONEY *vs.* SAME.
SAME *vs.* CITY OF CAMBRIDGE.
CATHERINE B. O'NEIL *vs.* SAME.

Middlesex.    November 14, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Due Care — Negligence — Law and Fact — Evidence — Exceptions.*

If the evidence in an action for personal injuries is conflicting on the questions of the plaintiff's due care and the defendant's negligence, the judge rightly refuses to take the case from the jury.

In an action for personal injuries, a witness, who has been asked what he observed about the plaintiff's condition, how she looked and acted, and how she had appeared since the accident, properly is allowed to testify that he had observed a very sick woman, that she looked like a broken invalid and a very nervous woman, utterly unable to do anything, and that she appeared incapable of talking consecutively.

Although there are around and at or near a trench in a street sufficient lights, horses, and barriers to warn a traveller of danger, and he sees them, but does not heed them, it cannot be said, as matter of law, that he thereby assumes

the risk of falling into the trench, of the existence of which he is or may be ignorant.

No exception lies to the refusal to give instructions in the language requested, if they are sufficiently covered by the instructions given.

FOUR ACTIONS OF TORT, for personal injuries occasioned to the plaintiffs respectively by falling into a trench, through the alleged negligence of the defendants. At the trial of the cases together in the Superior Court, before *Bell*, J., the jury returned a verdict for the plaintiff in each case; and the defendants alleged exceptions, which appear in the opinion.

*G. A. A. Pevey & G. W. Buck*, for the defendants.

*A. J. Daly*, for the plaintiffs.

MORTON, J.    These are actions to recover for personal injuries sustained by the plaintiffs by falling into a trench in Massachusetts Avenue in the city of Cambridge. At the trial the evidence was very conflicting on the questions of the due care of the plaintiffs and the negligence of the defendants. There was evidence for the plaintiffs tending to show that the trench was not properly lighted or guarded and that they exercised due care in walking down the car track as they did. On the other hand there was testimony on the part of the defendants tending to show that the trench was abundantly lighted and guarded and that the plaintiffs could not have fallen into it if they had paid due heed to where they were going and to the lights and guards that were placed to warn travellers and to other warnings alleged to have been given to them. In view of the state of the evidence we do not see how the cases could have been taken from the jury and we think that the court rightly refused to grant the request to that effect made by the defendants.

We also think that the testimony of Mrs. Wentworth was properly admitted. She was asked what she observed about her (plaintiff O'Neil's) condition, how she looked and acted, and how she had appeared since the accident. Her answers that she had observed a very sick woman, that she looked like a broken invalid and a very nervous woman utterly unable to do anything, and that she appeared incapable of talking consecutively, stated facts which are matters of common speech and observation in regard to the condition of sick or injured persons,

and though involving to some extent conclusions and opinions were not thereby rendered incompetent. *Commonwealth* v. *Dorsey,* 103 Mass. 412. *Parker* v. *Boston & Hingham Steamboat Co.* 109 Mass. 449. *Nash* v. *Hunt,* 116 Mass. 237. *Commonwealth* v. *Sturtivant,* 117 Mass. 122.

The defendants further contend that requests 6, 7, 16 and 17 asked for by them should have been given.\* We see no error in the refusal to give them. Assuming according to the sixth request that there were around and at or near the trench sufficient lights, horses and barriers to warn the plaintiffs of danger, and the plaintiffs saw them, and did not heed them, it cannot be said as matter of law that they thereby assumed the risk of falling into a trench of whose existence so far as appears from the instruction requested they were or might have been ignorant. So far as there were matters contained in the other requests to which the defendants were entitled to have the attention of the jury directed, it seems to us that they were sufficiently covered by the instructions that were given.

*Exceptions overruled.*

---

\* These requests for instructions were as follows : " 6. If upon the evidence you are satisfied that there existed around, at, or near the trench lights, horses, and barriers in sufficient numbers to warn the plaintiffs of danger, and the plaintiffs saw them, but did not heed them, they assumed the risk of being injured and so cannot recover. 7. If upon the evidence you are satisfied that there were at the time of the accident, at or near to the trench where the accident happened, lights, lanterns, red or 'white, or either, barriers, and horses in sufficient number to put a reasonably diligent man upon his guard and warn him of the open trench and danger, and the plaintiffs did not see them, there being no evidence that their eyesight was defective, they were negligent in not seeing and heeding them. 16. A pile of dirt in a street in Cambridge is an indication, according to common experience, that there may be an excavation near it from which earth was dug. 17. Piles of earth, such as described by the evidence in this case, with pipes, barrels, lanterns, and horses about them, are an indication, according to common experience, that there may be an excavation or trench at or near said pile of dirt, or enough to warn a reasonably diligent man of the existence of said excavation or trench."