JAMES PARKER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1910.

1. **PERSONAL INJURY: Negligence.** A person intending to become a passenger was standing at a street crossing on the side of the street opposite to the one where the street car usually stopped. He signalled the motorman and the car was brought to a step, or so nearly so as to be moving very slowly; he caught hold of the handrail of the car, put one foot on the platform step and raised the other off the ground, when the electric power

Parker v. Railroad.

was turned on and the car started forward, throwing him to the ground and inflicting injury. *Held,* to be negligence for which the street car company was liable.

2. ——————: ——————: **Theory Adopted at Trial.** Where a defendant by objection to questions to a physician, asked by the plaintiff, procures the trial court to sustain the objection and the plaintiff thereupon asks the question in conformity to the court's ruling, defendant's objection to the question will not be considered on appeal.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*John H. Lucas* and *Ben. F. White* for appellant.

(1) The court erred in the admission of the testimony of Dr. Krimminger in permitting the witness to state that the injury complained of did produce a certain result upon the plaintiff's nervous system. This was the very question to be passed upon by the jury. Taylor v. Railroad, 185 Mo. 239; Glasgow v. Railroad, 191 Mo. 358; Thomas v. Railroad, 125 Mo. App. 131. (2) Plaintiff's first instruction enlarges the issues made by his petition. It directs a verdict if the car was started forward "without giving him a reasonable time to get upon the platform or enter said car." The petition counts merely on his not having time to get on the platform. Roscoe v. Railway, 202 Mo. 576; Peterson v. Railway, 211 Mo. 498; Hamilton v. Railway, 114 Mo. App. 504; Kirkpatrick v. Railway, 211 Mo. 68.

*Shewalter & Carmody* for respondent.

There was no error in the admission of the testimony of Dr. Krimminger that the injury produced certain results, for several reasons: first, a party cannot induce the lower court to make a ruling that the law is one way, and then insist on appeal that the ruling so made on the party's own insistence is error, and that

the law is the other way. Parties will not be permitted to assume inconsistent positions. Bensieck v. Cook, 110 Mo. 173; McGinnis v. Printing Co., 122 Mo. App. 236; Dice v. Hamilton, 178 Mo. 90; Tower v. Compton Hill Company, 192 Mo. 379; Green v. St. Louis, 106 Mo. 458. Second, the objection was too late. Thomas v. Railway, 125 Mo. App. 135.

ELLISON, J.—Defendant operates electric street cars on the streets in Independence, Missouri and plaintiff attempted to take passage on one of them when he was thrown therefrom, which he alleges was caused by the negligent starting of the car. He recovered judgment in the trial court.

It appears that plaintiff awaited a car at a regular stopping place on a street crossing, and that as one approached he signalled it to stop. That as it came to a stop he took hold of the handrail, put one foot on the lower platform step and had just raised his other foot from the ground when the motorman started the car forward, throwing him off and onto the ground, whereby he was injured. It appears that he had a dinner pail and a small empty tin bucket in one hand and that while struggling to maintain himself on the car he was carried about sixty feet before he fell to the ground.

The trial court properly refused instruction "A" offered by defendant. If for nothing else, it is drawn on a theory that the motorman intended to pass plaintiff, who was on the south side of the street, and cross over to the north side, where he would stop for him. There was no evidence of this. There was evidence for defendant tending to show that the north side of the street was the usual stopping place; but in this instance it was shown that the motorman, in answer to plaintiff's signal, had either actually stopped or was so near stopped, it was difficult to tell. It is apparent from the testimony of the motorman himself, introduced by defend-

ant, that he was not intending to pass plaintiff but that he had either actually stopped or had about stopped. He said "it had not come quite to a stop, but had slowed down very slow." And the conductor testified that "I don't think the car came to a dead stop, that's my recollection, it did not."

The case shows that while the north side of the street may have been the usual stopping place, yet it was not always so, and in this instance the plaintiff was on the south side and the motorman had either actually stopped the car for him or was doing so when plaintiff, possibly before it came to a "dead stop" got upon the step and then the power was turned on, starting the car forward so as to throw him off.

We think the criticism of the action of the court in giving and refusing instructions, much too critical for practical purposes. Those given for plaintiff did not go beyond the allegations of the petition. The expression "get upon the platform or enter the car" was disjunctive. It could not have been misunderstood, nor, under the evidence, could it possibly have harmed defendant.

Exception was taken to the action of the court in overruling an objection to a question asked of a physician who attended upon plaintiff. The objection was based upon the assertion that it called for a conclusion and thereby usurped the functions of the jury. In our opinion the objection came too late. [Thomas v. Metropolitan Street Railway Company, 125 Mo. App. 131, 135.] It is true that defendant's counsel stated that he objected as soon as he could, but the record does not state this as a fact, or that the court thought so. It merely gives counsel's statement. But passing that by, we find it difficult to understand clearly the position of the parties at this stage of the trial. After some objections, beginning on page 46 and ending on page 48 of the record, in 'which defendant's counsel stated, concerning a question as to plaintiff's nervous system, that

"the doctor ought to say what he found, not what might be found," the court took that view and so the question was then put in that way. But when answered, defendant moved to strike out the answer. Again a question was asked looking to the doctor's opinion. Again defendant's counsel asserted the view that the doctor should state what he found, as he "saw the patient." The court ruled with defendant and plaintiff excepted. Plaintiff then put a question as ruled to be proper by the court. Then, when answered, defendant objected. It seems to us that the rulings of the trial court were in line with defendant's requests or insistence, and it should not now complain. A party cannot be allowed a different position on appeal from that taken at the trial, nor complain of errors which he invited. [Bensieck v. Cook, 110 Mo. 173.]

Finally it is contended that the verdict ($2250) is excessive. It has met the approval of the trial court and if the evidence in plaintiff's behalf is to be credited, as it must be at this stage of the case, we cannot say that the amount is outside the bounds of reason.

We have not discovered any error which substantially affected the merits of the controversy, or which would in any way justify our interference, and the judgment will accordingly be affirmed. All concur.