WINFIELD 'S. OSBORN, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 6, 1910.

1. WITNESS: Exception. When there is no objection to a question asked a witness, it is too late to object and except after it is answered.

2. HARMLESS ERROR: Evidence. While it is proper to ask a witness how the plaintiff looked, as regards his being well or sick, or strong, or weak, yet the exclusion of such evidence will not be reversible error if it be merely cumulative and the plaintiff himself admitted the condition sought to be shown by the excluded evidence.

3. **EXCESSIVE VERDICT: Passion and Prejudice.** A trial court and an appellate court on an appeal, may require a remittitur of a part of a verdict and permit the judgment to stand for the remainder.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*James G. Trimble* and *Willard P. Hall* for appellant.

(1) The Opinion Rule excluding opinions of non-expert witnesses is not applied so as to forbid "descriptions of the appearances externally indicating internal states—for example, whether a person 'looked' sick or sad or angry." 3 Wigmore on Ev., sec. 1974. (2) Witnesses have been permitted to testify whether a person had the appearance of being "ill," "well," "weak," "sore," "bad," "worse," "stronger," "suffering," "sick," "invalid," "intoxicated," "not able to do much work," "unable to move a limb," and the like. Railroad v. Randolph, 199 Ill. 126; Railroad v. Wood, 113 Ind., 551; State v. Huxford, 47 Ia. 17; State v. Shelton, 64 Ia. 338; Parsons v. Parsons, 66 Ia. 757; Bailey v. Centerville, 108 Ia. 20; Reminghaus v. Merchants L. Assn., 116 Ia. 364; Campbell v. Fidelity, etc., Co., 109 Ky. 661; Stacy v. Publishing Co., 68 Me. 289; Parker v. Steamboat Co., 109 Me. 451; Burt v. Burt, 168 Mass. 204; Edwards v. Worcester, 172 Mass. 104; Will v. Mendon, 108 Mich. 251; McKillop v. Railroad, 53 Minn. 532; Hall v. Austen, 73 Minn. 134; Isherwood v. Lumber Co., 87 Minn. 388; State v. Dearing, 65 Mo. 533; State v. Ramsey, 82 Mo. 137; State v. David, 131 Mo. 380; Knight v. Smythe, 57 Vt. 530; Werner v. Railroad, 105 Wis. 300; Lindsay v. Kansas City, 195 Mo. 166. (3) The court below should have set aside the verdict instead of permitting a remittitur of $2000. The verdict was so excessive as to

show passion and prejudice, and the only proper practice was to set the same aside. The remittitur did not purge the verdict of the vice that produced it. Doty v. Steinberg, 25 Mo. App. 328; Koeltz v. Blackman, 46 Mo. 320; Zurfluh v. Railway, 46 Mo. App. 636; Nuterberger v. Scharff, 51 Mo. App. 102; 18 Ency. of Pl. and Pr., 144; 3 Supp. of Ency. of Pl. and Pr., bottom page 611, side page 144, notes 1 and 2.

*John W. Bingham, J. M. Wattenbarger, Edwin R. Sheetz* and *E. M. Harber* for respondent.

(1) There was no error in excluding the conclusions of defendant's witnesses as to plaintiff's appearance of health. Even if admissible, they at most could only be said to be cumulative and no error could be assigned by reason of the exclusion thereof. Grapson v. Wallace Brothers, 81 Mo. App. 680; Gidion v. Railroad, 129 Mo. 392; Levitt v. Miller, 64 Mo. App. 147; Schlicker v. Gordon, 19 Mo. App. 479; Gates v. Railroad, 44 Mo. App. 488; Hicks v. Railroad, 68 Mo. 329; Watson v. Race, 46 Mo. App. 546. (2) It is insisted here that upon our remitting a large portion of this judgment, we in some way impugned the honesty of the jury, or conceded that the verdict was not honest, and that such remittitur even if the verdict was excessive could not be made. Of course this is not now the law, nor has it been since Hedges v. Railway, 125 Mo. App. 587. (3) Where the appellate court is able to say the judgment is excessive, such court should be and is enabled to tell the amount of such excess. DeCourney v. Conic Co., 120 S. W. 632; Gordon v. Railroad, 121 S. W. 80; Saller v. Shoe Co., 130 Mo. App. 712; Ice Co. v. Tamm, 90 Mo. App. 189. The trial court has the same right. Rosenfeld v. Siegfried, 91 Mo. App. 109.

ELLISON, J.—Plaintiff's action is to recover damages for personal injury alleged to have been re-

ceived by him by reason of defendant's negligence. The judgment was for the plaintiff.

Plaintiff was a passenger in one of defendant's cars and as the train had proceeded a short distance from the station at Trenton, Missouri, the car became derailed and rolled down an embankment, whereby plaintiff received his injuries. There was evidence tending to prove that one of his hips was broken; that he was sixty-three years old, and that his injury was painful and permanent.

The first reason assigned for a reversal of a judgment is based on the trial court permitting a witness to testify that defendant's foreman, in charge of the track, said on the next day after the injury that he had been trying to get the company to repair the track. The record shows the question asked and answered that "He didn't say it in that way." Then this question was asked: "Is that the substance of what he said?" And the witness answered: "Yes, sir." It was then that defendant objected for the first time. There is no reason shown why the objection was not made to each question when asked. It sometimes happens in a trial that a witness will answer so immediately after the question that an objection cannot be made. But that was not shown to be the case in this instance. The defendant's objection was therefore too late. One cannot be allowed to await an answer and then object if it is unfavorable. [Mann v. Balfour, 187 Mo. 290; State v. Forsha, 190 Mo. 296; Lutz v. Met. St. Ry. Co., 123 Mo. App. 499; Thomas v. Met. St. Ry. Co., 125 Mo. App. 131; Stewart v. Watson, 133 Mo. App. l. c. 48; Martin v. Block, 24 Mo. App. l. c. 62; Foster v. Railroad, 115 Mo. l. c. 183.]

The next assignment is that the trial court erred in striking out several statements made by witnesses in depositions as to plaintiff's physical appearance. Plaintiff was complaining of his injury having affected him seriously and defendant was endeavoring to show

that his condition at the trial was not the result of his injury, but arose from other and long standing causes. It is doubtless true that a witness may, in many instances, state a person's appearance, without being subject to the objection of stating a conclusion. It is generally said that a witness should state facts and let the jury draw conclusions. But an appearance may be stated as a *fact* and not as a conclusion, in the sense conveyed by courts when deciding that conclusions must be left for the jury instead of being stated by a witness. So defendant has cited us to instances where a witness was permitted to state that a person looked sick, or bad, or well, or drunk, etc. [Barker v. Coleman, 35 Ala. 221; State v. Houston, 78 Ala. 576; O'Neil v. Hanscom, 175 Mass. 313; West Chicago St. Ry. v. Fishman, 169 Ill. 196; State v. McKnight, 119 Iowa 79.]

In view of these suggestions and citations we conclude that the statements in question which the court struck out, were not improper. But we cannot say it was reversible error to strike them out. They could not possibly have affected the result, since they were not only cumulative of what had been, in substance, stated many times by other witnesses, but the plaintiff's testimony in his own behalf was replete with a history of his ailments and physical troubles from the time of his discharge from the army after the civil war, up to the date he was hurt in the car. His struggles for pension and an increase thereof, his statements of causes for the pension and increases, were far better and more convincing as evidence than anything in the depositions which were stricken out by the court. To reverse the judgment on account of the action of the court here complained of, would be much like entering a reversal for refusing to allow one party to go into detail of testimony to prove what his adversary admits.

The last ground stated for reversal is excessive verdict. It was for five thousand dollars, but when the

trial court took up for consideration the motion for new trial filed by defendant, plaintiff entered a remittitur of two thousand dollars. The motion was overruled and judgment entered for three thousand dollars.

The point now made is that the amount of the verdict, as rendered, showed passion and prejudice in the jury, and that a remittitur bringing the amount down within reasonable bounds does not cure that fault.

The correction of an excessive verdict is within the authority of an appellate tribunal, by requiring a remittitur to an amount satisfactory to the latter. The right to do so is frequently challenged, and was at one time denied in this State on the ground that it invaded the right of trial by jury by substituting what might be termed the verdict of the court for the verdict of the jury. [Burdict v. Ry. Co., 123 Mo. 221, 238; Chitty v. Ry. Co., 166 Mo. 435; Brady v. Ry. Co., 206 Mo. 509, 540; McGraw v. O'Neil, 123 Mo. App. 691; Rittel v. Souther, 127 Mo. App. 463.]

Considering the record in all its bearings on the extent of plaintiff's injury, and the cause of it, we are not willing to say that it shows the jury to have been governed by improper motives. The remittitur already entered reducing the verdict to three thousand dollars was satisfactory to the trial court, and is to us, and we affirm the judgment. All concur.