LOUISE G. STILLER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. PLEADING: Inconsistent Allegations: Objection to Any Evidence. If two inconsistent allegations of negligence are made in one count of a petition, and no demurrer is offered, and no motion is made to require an election, no error is committed in refusing to sustain an objection to any evidence on the ground of no case being stated in the petition.

2. **TRIAL: Objection to Question: Time when to be made.** If a question is asked and no objection made until an unfavorable answer is given, it is then too late, and the objection is properly overruled.

3. **NEGLIGENCE: Humanitarian Rule: Walking on Track.** If one signals an approaching west-bound street car to stop and then waits until an east-bound car passes out of his way, and when it does so, walks upon the track down the side of the west-bound car so as to go around the rear end to get aboard, and is run down by a second east-bound car which he did not observe, the street car company is liable for damages if the motorman could have seen the person in time to have stopped the car, or have warned him off the track by sounding the gong, even though he was negligent.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas* and *Chas. N. Sadler* for appellant.

*Henry J. Latshaw* for respondent.

ELLISON, J.—Plaintiff suffered severe personal injury as the result of being struck by one of defendant's street cars while being operated on the streets of Kansas City. She brought this action and obtained judgment in the trial court.

It is alleged as error that the circuit court should have sustained defendant's objection to the admission of any evidence in plaintiff's behalf, on the ground that no cause of action was stated in the petition. The particular point of this objection is that the petition charges two separate grounds of negligence in one count which are repugnant one to the other. We think that was cause for a demurrer, or motion to elect which ground would be relied upon, and in the absence of such action the objection to any evidence was not well taken.

It appears that plaintiff was struck by a car running east. She was intending to take an approaching car running west, but waited, before crossing over, to let an east-bound car pass. When that car passed her attention then being on the car she intended to take she was struck by another east-bound car which was following closely upon the first one. Evidence of it being the custom for the cars to run a distance of at least one block apart was admitted without objection being made at the time the questions were asked. After they were answered unfavorably to the defendant and then, we suppose by way of emphasis, unnecessarily repeated, defendant objected because a custom was not pleaded. The objection was too late. It should have been made when the question was asked. It is not proper to wait for a favorable answer and then, if disappointed, object. [Osborn v. Ry. Co., 144 Mo. App. 119; Thomas v. Ry. Co., 125 Mo. App. 131, 135.]

The demurrer to the evidence was properly overruled. Plaintiff, as already stated, was intending to take a west-bound car. She had attracted the attention of the motorman of this car just before the first east-bound car passed, and when it got out of her way she proceeded along that track towards the rear of the west-bound car which was then coming to a stop, so as to go around the rear end to get on. In walking along the track she was struck by the second east-bound car, which she had not observed. The case was submitted on the humanitarian rule, that is, that if plaintiff was negligent, the motorman of the second east-bound car saw her, or could have seen her, if attending to his business, in time to have warned her to get out of the way, or to have stopped his car. There was abundant evidence to sustain the case. We do not think the case of Markowitz v. Ry. Co., 186 Mo. 350, or that of Haffey v. Ry. Co., in this court and yet unreported, or that of Hawkins v. Ry. Co., 135 Mo. App. 524, in the St. Louis Court of Appeals, are applicable.

The objection to plaintiff's instruction No. 1, is not well taken. It does not assume that if the gong had been sounded it would have warned plaintiff. The instruction is qualified by the proposition that if the gong had been sounded, it would have prevented the striking of plaintiff.

Instruction D, for defendant, was properly refused, in that it omitted any hypothesis of the motorman's duty to have sounded the gong and based the whole right to a verdict for defendant upon the sole ground of the motorman being unable to stop the car.

Nor do we think we would be justified in saying the verdict of $2500 was excessive. We perhaps would have approved a smaller sum, but the amount of recovery, within the bounds of reason, is for the jury to determine.

The judgment is affirmed. All concur.