## FLORENCE J. KOCH *vs.* PATRICK G. LYNCH.
## JOSEPH C. KOCH *vs.* SAME.

Suffolk.    January 16, 1924. — January 19, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Motor Vehicle. *Damages*, In tort. *Husband and Wife. Evidence*, Opinion: expert; Competency. *Practice, Civil*, Exceptions.

In an action of tort by a married woman, living with her husband, against a third party for personal injuries, the plaintiff can recover for impairment of her capacity to labor without proof that she actually was working or was in the receipt of wages or compensation at the time of and before the injury.

A bill of exceptions, filed by the defendant in an action of tort by a woman for personal injuries received when she was run into by an automobile owned and driven by the defendant, stated that there " was evidence that the female plaintiff was in the exercise of due care; and that she was injured at the time and place above mentioned by an automobile owned by the defendant and operated by him in a manner which the jury might find to have been negligent." It appeared that a witness for the plaintiff, who had testified that he saw the plaintiff going across the street, that he did not see the collision but " heard the thud of it," was asked, " Did you hear any horn blown before this accident? " and answered, " No." The question and answer were allowed by the trial judge to stand subject to an exception by the defendant, the judge remarking that the evidence was " competent but don't prove anything," and instructing the jury, " simply to say you didn't hear anything is no evidence that the horn wasn't blown unless something else appears." *Held*, that, on the record, in view of the statement by the trial judge, no error harmful to the defendant was shown and the exception must be overruled.

At the trial of the action above described, a witness for the plaintiff, fifty-seven years of age, who had been in the real estate business for many years in an office near the scene of the accident and who did not see the automobile of the defendant " until just as it struck the female plaintiff," was permitted to testify as to the speed of the automobile, subject to an exception by the defendant based upon an objection that " unless this man shows he knows something about speed I don't think his estimate is competent,"

to which the trial judge replied, " I guess any man fifty-seven years of age
has some judgment as to speed." *Held,* that, although the admission of the
testimony was erroneous because the witness did not see the automobile
before it struck the plaintiff, the exception must be overruled under G. L. c.
231, § 132, because of a statement in the bill of exceptions that the plaintiff
was injured " by an automobile owned by the defendant and operated by
him in a manner which the jury might find to have been negligent."

Testimony of a husband, at the trial of an action by his wife for personal in-
juries, that at the time of the trial his wife did not walk nearly as well as
before the accident, is not incompetent as an expression of a mere opinion,
but is admissible as stating a fact of common observation.

TWO ACTIONS OF TORT, the first action for personal injuries
received by the plaintiff when she was run into by an auto-
mobile owned and operated by the defendant, and the second
by the husband of the plaintiff in the first action for conse-
quential damages. Writs dated respectively July 20, and
July 27, 1921.

In the Superior Court, the actions were tried before *King,*
J. One Walter J. Kline, a witness for the plaintiffs, testified
in direct examination that he was on a street car standing at
the intersection of Columbia Road and Glendale Avenue in
Boston; that he saw the plaintiff in the first action going
across the street; and that he did not see the collision but
heard the thud of it. He then was asked, " Did you hear
any horn blown before this accident? " and answered, " No."
The defendant then objected and asked that the answer be
stricken out. The trial judge remarked, " That all depends
on whether he — how near he was. . . . Ordinarily it
don't prove anything, that he didn't hear it. But I cannot
say it is incompetent." The defendant's attorney stated,
" The line of decisions is pretty well known that the mere
fact he didn't hear it isn't competent unless something else
appears," but the trial judge replied, " No, I don't think so.
It is competent but don't prove anything. . . . I will allow
it to stand whether he heard it, but I say to you, gentlemen,
[addressing the jury] simply to say you didn't hear anything
is no evidence that the horn wasn't blown unless something
else appears."

One Silas E. Parsons, a witness for the plaintiffs, testified
in direct examination that he was in the real estate business

in Boston for many years and had an office near the scene
of the accident; that he was fifty-seven years of age; that
he was standing on the sidewalk in front of a store on Colum-
bia Road and saw the female plaintiff crossing the road near
him; and that he did not see the defendant nor the defend-
ant's car until just as it struck the female plaintiff. He then
was asked, " How fast would you say that the automobile
was traveling when it struck her? " and answered, " That
is a guess — I should say perhaps twenty miles an hour."
An exception was noted to the admission of the answer, the
defendant's attorney stating, " Unless this man shows he
knows something about speed I don't think his estimate is
competent." The trial judge remarked, " I guess any man
fifty-seven years of age has some judgment as to speed."
The witness then was asked again, " What is your best judg-
ment as to the speed of the car? " and answered, " Twenty
miles an hour."

Other material evidence is described in the opinion. The
following statement appears in the bill of exceptions: " There
was evidence that the female plaintiff was in the exercise
of due care; and that she was injured at the time and place
above mentioned by an automobile owned by the defendant
and operated by him in a manner which the jury might find
to have been negligent."

The jury found for the plaintiff in the first action in the
sum of $2,500 and for the plaintiff in the second action in the
sum of $100. The defendant alleged exceptions.

Section 132 of G. L. c. 231 reads as follows:

" No new trial shall be granted in any civil action or
proceeding on the ground of improper admission or rejection
of evidence, or for any error as to any matter of pleading or
procedure, if the judge who presided at the trial when appli-
cation is made by motion for a new trial, or the Supreme
Judicial Court when application is made by exceptions or
otherwise, deems that the error complained of has not
injuriously affected the substantial rights of the parties;
and, if it appears to such court that said error affects part
only of the matter in controversy or some or one only of the
parties, the court may direct final judgment as to part thereof,

or some or one only of the parties, and may direct a new trial as to the other part only or as to the other parties."

The case was submitted on briefs.

*J. M. Maloney*, for the defendant.

*G. T. Shannon & G. R. Farnum*, for the plaintiffs.

RUGG, C.J. These are actions of tort to recover compensation arising from the striking of the female plaintiff by an automobile owned and operated by the defendant. She seeks compensation for personal injuries. Her husband seeks compensation for expenses incurred in treatment of her injuries and other consequential damages. The exceptions state that there was evidence of due care on the part of the female plaintiff.

1. The married woman plaintiff could recover for impairment of her capacity to labor without proof that she actually was working or in the receipt of wages or compensation at the time of and before the injury. *Harmon* v. *Old Colony Railroad*, 165 Mass. 100. *Millmore* v. *Boston Elevated Railway*, 198 Mass. 370.

2. There was no harmful error in the admission of the testimony of the witness Kline that he did not hear any horn blown coupled with the statement of the trial judge that it did not prove anything. Merely negative testimony of that nature without circumstances tending to give it affirmative force is of no value. *Menard* v. *Boston & Maine Railroad*, 150 Mass. 386. *Slattery* v. *New York, New Haven & Hartford Railroad*, 203 Mass. 453. *Gibb* v. *Hardwick*, 241 Mass. 546, 549.

3. The witness Parsons ought not to have been permitted to give his opinion as to the speed of the automobile because he did not see it " until just as it struck the female plaintiff." He could have had no intelligent thought about the speed, even though fifty-seven years of age. But since the exceptions state that there was evidence from which the jury might have found that the automobile was operated by the defendant in a negligent manner, we are of opinion upon the whole record that the substantial rights of the defendant were not injuriously affected. G. L. c. 231, § 132. *Noyes* v. *Noyes*, 224 Mass. 125, 131.

4. The testimony of the husband that his wife did not walk nearly as well now as before the accident was competent. It was a fact of common observation, even though involving to some extent a conclusion and opinion. *O'Neil* v. *Hanscom,* 175 Mass. 313. *Gorham* v. *Moor,* 197 Mass. 522, 524. *Parker* v. *Boston & Hingham Steamboat Co.* 109 Mass. 449.

*Exceptions overruled.*