PEARL B. HOUGH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 11, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Street railway, Violation of ordinance.    *Evidence*, Competency, Of warning signal.    *Practice, Civil*, Conduct of trial: examination preliminary to admission of evidence.

Violation by a motorman of a street railway car of an ordinance of a city requiring the striking of a bell when the car approached vehicles and persons on the street is evidence of negligence on his part in an action by a pedestrian struck by the car.

At the trial of an action of tort by a woman against a street railway company for personal injuries received when the plaintiff was struck by a street car of the defendant at a street crossing, an issue was, whether the gong on the street car was sounded as the car approached the plaintiff, who was crossing its track.    The plaintiff, after she had testified that in crossing the street she "stopped to observe the traffic before stepping from the curbstone," and that she was "observing the track, the car; the position of the car before I stepped on the rail and watching to see this woman going across ahead of me . . . ," was asked, subject to an exception by the defendant, "Was there a gong rung there?" and answered "No."    *Held*, that

    (1) No preliminary proof that the plaintiff was "paying any attention for the purpose of hearing," further than the testimony she had given, was necessary;

    (2) The position of the plaintiff and her testimony as to her attention being on the car made the testimony competent.

TORT for personal injuries. Writ dated October 10, 1924.

In the Superior Court, the action was tried before *O'Connell*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $17,200. The defendant alleged exceptions.

*L. Powers*, for the defendant.

*E. M. Shanley*, (*J. D. Mulloney* with him,) for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff when she was struck by an electric street car operated by the defendant.

The plaintiff testified in substance that St. Mary Street is on the south side of Commonwealth Avenue, in Boston; that she walked down the right hand side of St. Mary Street with the intention of crossing the street car tracks on Commonwealth Avenue to take an outbound car; that when she reached the southeast corner of that avenue and St. Mary Street she stopped to observe the traffic before stepping from the curbstone; that there was no traffic, except a street car, inbound, standing on Commonwealth Avenue on the upper or westerly side of St. Mary Street; that she started to cross the avenue on the extended line of the easterly sidewalk on St. Mary Street, and when she crossed the first rail of the inbound track, the inbound street car was still standing on the outbound side of St. Mary Street, in the same place where she had first observed it; that at that time she noticed an outbound car about two hundred feet away; that there was another lady also crossing the street about three or four feet ahead of her, and when the plaintiff was about to cross the second rail of the inbound track she was struck by the inbound car; that as she crossed the street she was walking along moderately fast "just about normal." She further testified as follows: ". . . in crossing I was observing the track, the car; the position of the car before I stepped on the rail and watching to see this woman going across ahead of me and she was across the first rail about the time that I was stepping on to the elevation, and she crossed the second rail, I should say, about the time that I crossed the first"; "I was on the inbound track. I had stepped over the first rail and was about to step over the second rail when I was struck."

The record recites that "The distance from where the plaintiff testified the car had been standing to the point of the accident was thirty-four feet. The plaintiff estimated this distance to be twelve feet. The distance between the rails was four feet eight and one half inches. The inbound car struck the plaintiff and after striking her went approximately six feet."

There was testimony other than that of the plaintiff that the inbound car had been stopped at the westerly side of St. Mary Street, while the motorman and several passengers in the car testified that the car did not stop on that side of the street.

The plaintiff introduced in evidence § 73 of c. 40 of the Revised Ordinances of 1914 of the city of Boston, in force at the time of the accident, which provides as follows: "No person having control of the speed of a street-railway car passing in a street shall fail to keep a vigilant watch for all teams, carriages, and persons, especially children, nor shall such person fail to strike a bell several times in quick succession on approaching any team, carriage, or person, and no person shall, after such striking of a bell, delay or hinder the passage of the car." The trial judge correctly instructed the jury that if the ordinance was violated it was evidence of negligence of the defendant.

The plaintiff was asked on direct examination, "Was there a gong rung there? A. No." The question and answer were admitted subject to the defendant's exception. This exception presents the only question for our determination.

It is the contention of the defendant that it was prejudicial error on the part of the trial judge to permit the plaintiff to answer the question without preliminary proof that she was "paying any attention for the purpose of hearing." The weight to be attached to the testimony of a witness respecting the question whether a bell, horn or other signal was rung or sounded depends upon the attendant circumstances. If a witness testifies that a signal was or was not given, or that he did or did not hear it, and it appears that there was no particular reason why he should or should not have heard it had it been given, such testimony is merely

negative and of no value as evidence. *Tully* v. *Fitchburg Railroad,* 134 Mass. 499. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 387. *Hubbard* v. *Boston & Albany Railroad,* 159 Mass. 320. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 143, 144. *Gibb* v. *Hardwick,* 241 Mass. 546, 549. *Koch* v. *Lynch,* 247 Mass. 459, 462. *Lenihan* v. *Boston & Maine Railroad,* 260 Mass. 28. On the other hand, if the circumstances are such and a witness is in such a position that the signal would have been likely to attract his attention if given, his failure to hear it would be affirmative evidence that it was not given. *Menard* v. *Boston & Maine Railroad, supra,* pages 387, 388. *Walsh* v. *Boston & Maine Railroad,* 171 Mass. 52, 57. *McDonald* v. *New York Central & Hudson River Railroad,* 186 Mass. 474. *Slattery* v. *New York, New Haven & Hartford Railroad,* 203 Mass. 453, 457, and cases cited. *Chase* v. *New York Central & Hudson River Railroad, supra.*

In the case at bar, before the plaintiff had testified that the gong was not rung, she had testified that as she was crossing the street she was "observing the track, the car; the position of the car before I stepped on the rail and watching to see this woman going across ahead of me . . . ." She also testified that she "stopped to observe the traffic before stepping from the curbstone," and that there was no traffic except the inbound car which she stated was standing on Commonwealth Avenue west of St. Mary Street. She therefore was in a position near enough to the inbound car to have heard the gong if it had been rung. Her testimony above quoted, if believed, showed that her attention was directed to the car which struck her and that there was no other traffic to distract or confuse her. In these circumstances it is a reasonable inference that if the gong had been sounded it is likely that she would have heard it. Her testimony that it was not rung was affirmative evidence to that effect. If the jury believed her testimony, the ordinance was violated, and such violation was evidence of negligence of the defendant.

The contention that she should not have been permitted to testify that the gong was not rung until evidence had been offered showing that she was paying such attention that

she would be expected to know whether or not the signal was given cannot be sustained. The statement in the opinion in *Koch* v. *Lynch, supra,* that "There was no harmful error in the admission of the testimony of the witness Kline that he did not hear any horn blown coupled with the statement of the trial judge that it did not prove anything," does not support the defendant's contention. It was a proper instruction and could have been given when the evidence was offered or in the judge's charge. If, as the defendant contends, such preliminary proof was required before the question was put and answered, it is apparent that such proof had been presented, as appears from the testimony of the plaintiff above referred to.

As it could have been found that the plaintiff was in a position to have heard the signal if given, and as it also could have been found that her attention was such that she would have been likely to have heard it, the evidence objected to was admissible. This question seems to have been settled in *McDonald* v. *New York Central & Hudson River Railroad, supra,* cited with approval in *Slattery* v. *New York, New Haven & Hartford Railroad,* 203 Mass. 453, 458.

It must be assumed that the jury were fully and accurately instructed as to the law respecting the testimony of the plaintiff that the gong was not sounded, as it is recited in the record that the judge's charge was full and complete and that no exception thereto was taken by either party.

*Exceptions overruled.*